CHARLES A. WELCH, executor, *vs.* SAMUEL HENSHAW
& others.

Suffolk.　December 17, 1897. — February 28, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Incomplete Voluntary Trust — Will.*

A voluntary trust or gift, where the settlor or donor has kept the property in his own hands, subject to his own disposal, and never has informed the beneficiary of it, is not fully completed and executed, and cannot be enforced.

BILL IN EQUITY, by one of the executors of the will of Helen C. Bradlee, to obtain the instructions of the court. Hearing before *Lathrop,* J., who, at the request of the parties, reserved the case, upon the bill and answers, for the consideration of the full court. The facts appear in the opinion.

*J. F. Tyler,* for the executors and trustees under the will of Josiah Putnam Bradlee.

*H. N. Shepard & C. H. Stebbins,* (*O. Storer* with them,) for certain legatees.

FIELD, C. J. This is a petition or bill for instructions brought by one of the executors of the will of Helen C. Bradlee, late of Boston, deceased, the other executors, Samuel Henshaw and Joseph P. B. Henshaw, being made defendants, as they are personally interested in the question submitted. By her will, dated May 29, 1896, Helen C. Bradlee gave the residue of her property to Annie M. Henshaw, Elizabeth L. Henshaw, Samuel Henshaw, and Joseph P. B. Henshaw, share and share alike; and all these persons have been made defendants. William L. Strong and William H. Hodgkins, surviving executors and trustees under the will of Josiah Putnam Bradlee, also have been made defendants. Nathaniel J. Bradlee, who was an executor and a trustee with them, has deceased. It appears to have been taken for granted by all the parties that there is sufficient property of the estate of Helen C. Bradlee, other than that represented by the certificates hereinafter mentioned, to pay the debts and charges of administration, and to satisfy all

the legacies contained in her will except those in the residuary clause.

A part of the residuary clause of the will of Josiah Putnam Bradlee is as follows:

" Tenth.  All the rest, residue, and remainder of my.estate real and personal of which I shall die seised or possessed, or to which I may at my decease be in any way entitled or over which I may have any right of disposal, I give, devise, and bequeath to Nathaniel J. Bradlee of said Boston, said William L. Strong and the said William H. Hodgkins, the survivors and survivor and his heirs, in trust, and to and for the uses and purposes hereinafter set forth, namely:

" To take charge of the same, and especially of the land, buildings, mills, machinery, and other property situate at Ballardvale in Andover in the county of Essex and said Commonwealth, now used and improved for manufacturing purposes, . . . and they shall pay the net income of said business, and all other net income received by them and not otherwise disposed of by this will, to my said sister Helen, during her life, upon her written request therefor ; but if my said sister Helen makes no such request during the continuance of said business they shall retain and hold said net income and profits as an addition to and part of the principal fund held by them in trust; . . . and upon her decease, and when said business at Ballardvale has been closed and sufficiently settled to enable them to do so, to pay over, distribute, and convey the property held in trust, with all accumulations and additions, and including therein all contingent interests not herein fully disposed of as and when they fall in, to such charitable institutions of a public nature as in Massachusetts may legally receive and hold the same, and are not sectarian in character or purpose, and in such proportions as they see fit, provided however that if my said sister Helen shall by will or instrument in the nature thereof direct that said property, or any part thereof, shall be paid over and distributed to any such charitable institutions, or to any personal friends of hers or mine, the trustees acting under this will shall pay over and distribute it in such manner and in such sums as she shall direct."

Under this residuary clause of the will of Josiah Putnam Bradlee, the trustees paid over to Helen C. Bradlee, upon her

written request, large sums of money out of the income of said trust property. At the time of her decease there were standing in her name in the Boston Safe Deposit and Trust Company certain amounts of money represented by certificates of deposit, of different dates and for different sums, amounting in the whole, without including the interest allowed by said company, to one hundred and fifteen thousand dollars. Some of said certificates were marked "Not subject to check," and others were not.

The dates and amounts of the certificates are as follows: August 1, 1890, $20,000; August 4, 1891, $10,000; January 28, 1892, $10,000; February 3, 1893, $20,000; March 16, 1894, $500; March 16, 1894, $500; March 16, 1894, $500; March 16, 1894, $500; August 27, 1894, $5,000; February 11, 1895, $2,000; July 16, 1895, $5,000; July 16, 1895, $4,000; July 16, 1895, $5,000; July 16, 1895, $2,000; July 16, 1895, $2,000; July 16, 1895, $2,000; October 21, 1895, $3,000; January 30, 1896, $10,000; January 30, 1896, $10,000; March 10, 1896, $1,000; March 10, 1896, $1,000; March 10, 1896, $1,000. On many of these certificates there were indorsements of the payment of interest up to January 1, 1896.

The statement of the bill, which is admitted to be true, concerning the finding of these certificates, is as follows:

" And your petitioner further represents that the executors found said certificates in her trunk or box, kept in her house, in her own custody, during her lifetime; that in said trunk were her certificates of personal property, the deed of her house on Ashburton Place, in which she lived, and deeds of other real estate no longer belonging to her; that her will was also in said trunk in an envelope, and the above described certificates in another envelope, directed ' To the Trustees of the Ballardvale Property,' inside of which envelope was a smaller envelope directed to ' Messrs. Wm. L. Strong and Wm. H. Hodgkins, Trustees of Ballardvale Mills'; that all of said envelopes were unsealed; that there was also in the box a paper in these words, namely:

" ' On the following page are directions to the Trustees of the Ballardvale Property how to dispose of the certificates in my name deposited in the Boston Safe Deposit and Trust Company, and if I do not dispose of the whole amount of the cer-

tificates received and deposited in the Boston Safe Deposit and Trust Company before my decease, the amount of the remaining certificates is to be added to my brother's property and given to the charitable institutions which I have selected for the residue and the remainder of the property in a testament previously made.

" ' Directions to the Trustees of the Ballardvale Property for the disposal of the certificates in my name in the Boston Safe Deposit and Trust Company :

" ' To the Josiah P. Bradlee Ward in the Massachusetts Eye and Ear Infirmary for a Permanent Fund, $10,000.

" ' To the J. Putnam Bradlee Ward in the Massachusetts General Hospital for a Permanent Fund, $20,000.'

" Also another paper, pinned upon the other, with these words and letters following :

" ' To the MacLean Hospital for a Permanent Fund, $20,000.

" ' To the MacLean

" ' To the '

" These last two papers were probably written by Miss Bradlee before the date of the will, but when your petitioner is unable to ascertain; they were, as well as the will, in her handwriting.  The will was dated and executed May 29, 1896, six days before her decease, and was, as far as known, prepared by herself."

It is evident that the money represented by these certificates must have been the absolute property of Helen C. Bradlee, even although it had been derived from the income paid over to her by the trustees under the will of Josiah Putnam Bradlee.  It also is evident that the direction to said trustees, found in her trunk, cannot be regarded as an execution of the power given to her in the latter part of the residuary clause of the will of Josiah Putnam Bradlee, because that is a power over the trust property remaining in the hands of the trustees, and these directions are not executed as a " will or instrument in the nature thereof."  There is nothing in the papers before us indicating that Helen C. Bradlee made any will or instrument in the nature of a will other than that of May 29, 1896.

The question is whether the facts stated in the bill establish a gift or transfer of the certificates to Strong and Hodgkins, as

trustees under the will of Josiah Putnam Bradlee, or an effective declaration of trust on the part of Helen C. Bradlee, to be carried into effect by said trustees according to her directions and the will of Josiah Putnam Bradlee. This court enforces gifts or voluntary trusts only when they are "fully completed and executed." *Stone* v. *Hackett*, 12 Gray, 227. That there has been no complete gift or transfer of the certificates to Strong and Hodgkins, trustees, is evident, because there has been no delivery of them to the trustees, or to anybody for the trustees, and nothing has been done which is equivalent to a delivery. It is equally evident, we think, that by the papers found in her trunk Helen C. Bradlee did not constitute herself a trustee of these certificates for the trustees under the will of Josiah Putnam Bradlee, to be disposed of by them according to her directions so far as she left directions, otherwise under the directions given them in the will of Josiah Putnam Bradlee. These papers do not purport to constitute her a trustee for the benefit of the trustees under the will of Josiah Putnam Bradlee and for the beneficiaries she names, and their contents imply that she retained the right to dispose of all the certificates at any time before her death. No communication whatever appears to have been made by her of the existence of these papers to the trustees, or to any of the beneficiaries designated, and she retained the exclusive control of the papers until her death. Apparently the directions were left incomplete. *Keniston* v. *Mayhew*, 169 Mass. 166. *Noyes* v. *Institution for Savings*, 164 Mass. 583. *Booth* v. *Bristol County Savings Bank*, 162 Mass. 455. *Barnes* v. *Barnes*, 161 Mass. 381. *Parrott* v. *Avery*, 159 Mass. 594. *Parkman* v. *Suffolk Savings Bank*, 151 Mass. 218. *Fearing* v. *Jones*, 149 Mass. 12. *Miller* v. *Le Piere*, 136 Mass. 20. *Cummings* v. *Bramhall*, 120 Mass. 552, 564. *Shurtleff* v. *Francis*, 118 Mass. 154. *Brabrook* v. *Boston Five Cents Savings Bank*, 104 Mass. 228.

The English law on this subject is said by Lord Justice Turner, in *Milroy* v. *Lord*, 4 De G., F. & J. 264, to be as follows: "I take the law of this court to be well settled, that, in order to render a voluntary settlement valid and effectual, the settlor must have done everything which, according to the nature of the property comprised in the settlement, was neces-

sary to be done in order to transfer the property and render the settlement binding upon him. He may of course do this by actually transferring the property to the persons for whom he intends to provide, and the provision will then be effectual, and it will be equally effectual if he transfers the property to a trustee for the purposes of the settlement, or declares that he himself holds it in trust for those purposes; and if the property be personal, the trust may, as I apprehend, be declared either in writing or by parol; but, in order to render the settlement binding, one or other of these modes must, as I understand the law of this court, be resorted to, for there is no equity in this court to perfect an imperfect gift. The cases I think go further to this extent, that if the settlement is intended to be effectuated by one of the modes to which I have referred, the court will not give effect to it by applying another of those modes. If it is intended to take effect by transfer, the court will not hold the intended transfer to operate as a declaration of trust, for then every imperfect instrument would be made effectual by being converted into a perfect trust. These are the principles by which, as I conceive, this case must be tried." See *Loring* v. *Hildreth*, *ante*, 328.

*Milroy* v. *Lord* was cited in *Gerrish* v. *New Bedford Institution for Savings*, 128 Mass. 159, 163, and it was there said: " But whether he [the settlor] had done enough depended, as we have seen, on whether his conduct and declarations manifested a completed and executed intention in regard to it. Notice to the donee is indeed not necessary when other acts or declarations of the donor are sufficient and complete in themselves; but, where the transaction is capable of two interpretations and the settlement is merely voluntary, it is plain that notice given by the donor to the donee of the existence of the trust would in most cases be decisive on the question of intention. It takes the place of that delivery which is necessary to perfect a gift of personal property. It is not only satisfactory evidence of an executed intention, but it is a declaration in the nature of an act necessary to complete the transaction and create the trust."

In *Alger* v. *North End Savings Bank*, 146 Mass. 418, 422, it was said : " But a mere declaration of trust by the owner, not communicated to the donee and assented to by him, or a mere

deposit of the fund in his own name as trustee, or a deposit in the name of another, will not be of themselves alone sufficient to prove a complete gift or voluntary trust. *Sherman* v. *New Bedford Savings Bank*, 138 Mass. 581, and cases cited."

In *Scrivens* v. *North Easton Savings Bank*, 166 Mass. 255, the instructions which were approved were as follows : " The jury were also told, in substance, that what was written in the bank-book was not enough, but that in addition to that the testator must have indicated to the plaintiff in some form of language that the deposit then belonged to him, although he could not have it until his father's death, and that this was assented to by him."

In *Taft* v. *Stow*, 167 Mass. 363, the declaration alleged " that the testatrix communicated to the plaintiff this declaration of trust, with all its terms and conditions." See also *Richardson* v. *White*, 167 Mass. 58 ; *Keniston* v. *Mayhew*, 169 Mass. 166.

So far as we are aware, there are no decisions in this Commonwealth which support a voluntary trust, of which the settlor has attempted to make himself the trustee, where the settlor has kept the property in his own hands subject to his own disposal, and never has informed the beneficiaries of it.

We are of opinion that the certificates of deposit and the money they represent are a part of the estate of Helen C. Bradlee, to be administered in accordance with her will. A decree should be entered accordingly.　　　*So ordered.*