CLARENCE R. PRATT *vs.* BERNARD McGUINNESS & others.

Worcester. October 5, 1898. — April 1, 1899.

Present: FIELD, C. J., KNOWLTON, MORTON, BARKER, & HAMMOND, JJ.

*Equity Practice — Partnership — Equitable Interest of Grantee of Partner — Findings of Master.*

If a suit in equity is heard in the Superior Court upon the pleadings and a master's report, and a final decree is entered, which is appealed from, and a request is made to the justice who heard the case to report the same under St. 1883,

c. 223, § 7, the case may be treated as before this court on appeal, and the report may be regarded as a finding under the statute of all the facts on which the decree was founded, namely, those stated in the master's report and those admitted by the pleadings.

A person who derives his title to certain personal property from one who has only an equitable interest in it as a member of a firm, for which the legal title to the property is held by the other partner as a part of the assets of the partnership, cannot maintain a bill in equity against the latter and a mortgagee of the property to have the property sold and the proceeds divided, the mortgage declared void, and an account taken of the rents and profits received from the property.

Exceptions to a master's report in regard to his findings of fact cannot be considered, upon an appeal from a final decree, if the evidence is not reported.

BILL IN EQUITY, filed July 6, and amended October 14, 1897, in the Superior Court, against Bernard McGuinness, Albert M. Armstrong, and Albert E. Armstrong, for the sale of certain personal property, alleged to have been owned in common by Sumner Fairbanks, from whom the plaintiff derived his title, and the defendant Albert M. Armstrong, and to have been mortgaged fraudulently by the latter to the defendant McGuinness ; and for other relief. Hearing before *Hopkins*, J., who entered a decree dismissing the bill, and, the plaintiff having appealed therefrom, reported the case for the determination of this court. The facts appear in the opinion.

*W. A. Gile*, for the plaintiff.

*C. M. Thayer & J. F. Humes*, for the defendants.

MORTON, J. This case was heard upon the pleadings and the master's report. There was a final decree and an appeal, and a request to the justice who heard the case to report the same under St. 1883, c. 223, § 7. The case may be treated as here on appeal, and the report may be regarded as a finding under that statute of all the facts on which the decree was founded, namely, those stated in the master's report and those admitted by the pleadings. It is not necessary to determine the power of a single justice, independently of the statute of 1883, to report a case to the full court after the entry of a final decree.

The bill as brought alleges that the plaintiff is a half owner as tenant in common of certain personal property, and asks that the property be sold and the proceeds divided, that a mortgage put upon the property by one of the defendants be de-

clared void, and that he be required to account for certain rents and profits received from the property. The master has found that the person from whom the plaintiff derived his title had only an &quitable interest in the property as a member of a firm, and that the legal title to the property was held by one of the defendants as a part of the assets of the partnership.

None of the plaintiff's exceptions to the master's report in regard to his findings of fact can be considered, because the evidence is not reported. It appears that at most the plaintiff has only an equitable interest in such assets of the partnership as may remain, if any, after settlement of the affairs of the partnership. He has nothing but that which he acquired from one of the partners, and if the legal title to the chattels had been in the firm, he would not have acquired an ownership in the articles themselves. The title to personal property of a partnership is not in the individual members of the firm, so that they can convey an undivided share in any specific articles to another; but it is in the firm as an entirety, subject to the equities of the different members and their right to have it applied to the payment of the debts of the partnership. *Sanborn* v. *Royce*, 132 Mass. 594. *Pelletier* v. *Couture*, 148 Mass. 269. *Lovejoy* v. *Bowers*, 11 N. H. 404. *Fourth National Bank* v. *Carrollton Railroad*, 11 Wall. 624. *Menagh* v. *Whitwell*, 52 N. Y. 146. *Tarbell* v. *West*, 86 N. Y. 280. *Beecher* v. *Stevens*, 43 Conn. 587. *Sirrine* v. *Briggs*, 31 Mich. 443.

It is questionable on the authorities whether, upon a conveyance of an interest in only a part of the partnership property, a plaintiff could maintain a bill in equity for a settlement of the partnership affairs and an accounting. Assuming that he could, this bill was not brought for that purpose. In the original bill there is no hint of the existence of a partnership, and in the amendment there is no express averment to that effect, but only a statement which might lead to such an inference. If this were a bill to settle the affairs of the partnership, Sumner Fairbanks would be a necessary party. Moreover, in the plaintiff's requests for findings filed on November 29, 1897, he waives the amendment " wherein it is alleged that the defendant held the title to the machinery as trustee for the said Fairbanks," which we understand to be the amendment above referred to, although

it is said to have been filed on October 4, while the record shows it to have been filed on October 14.

It is plain that this bill cannot be maintained.

*Decree affirmed.*