ELLEN M. BENNETT & others *vs.* MARY H. LITTLEFIELD.

Essex.   November 7, 1900. — January 2, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & HAMMOND, JJ.

In a suit in equity to establish an oral trust in personal property held by the defendant as residuary legatee under the will of her husband, on the ground that the trust was imposed by the testator before making his will, the only evidence on the subject was a conversation between the defendant and her husband, when no other person was present.   The evidence did not show a declaration of trust by the testator with reference to the disposition of such residuary estate, or that the defendant made any agreement with the testator in such private conversation with reference to the disposition of such residue for the benefit of the plaintiffs.   *Held,* that it was unnecessary to decide whether the evidence should have been excluded as a private conversation between husband and wife.   *Held, also,* that a statement by the defendant to her husband of her intention, as to some future gift of the property she expected to receive under the will, was not a declaration of trust.

In a suit to establish an oral trust in personal property, on the ground that the defendant, who was the residuary legatee under her husband's will, created a voluntary trust by declarations after her husband's death that she held the residue for the benefit of the plaintiffs, it appeared that, at the time of making the statements relied on by the plaintiffs, the estate of the testator was in process of settlement, and the defendant had no knowledge of what the amount of the residue would be.   *Held,* that until the testator's estate was settled there could be no residuary fund from which a trust fund could be created, and the court would not lend its assistance towards perfecting a voluntary contract or agreement for the creation of a trust, nor regard it as binding so long as it remained executory.

BILL IN EQUITY, to establish a trust, filed August 17, 1899. The bill was brought by the nephews and nieces of Charles Littlefield, deceased, against the defendant, the widow and executrix under the will of said Littlefield.   By the will, a copy

of which was annexed to the bill, the testator, after providing for his wife and making certain legacies, left all the residue of his estate to his wife Mary Harriet Littlefield, the defendant.

The bill alleged that before the testator executed his said will the defendant promised and agreed that, if the will was drawn according to the copy thereto annexed, she would hold said residue and remainder in trust for the benefit of all the nephews and nieces of the testator, to pay to and distribute the same to them equally upon the settlement of the estate, and that in consequence of said promise and agreement, and relying upon the same, the testator executed said will.

The bill further alleged that the testator died on November 26, 1898, and in the eleventh allegation, referred to in the opinion of the court, set forth that after presenting the will for probate, and in order to induce the plaintiffs not to oppose its allowance, the defendant declared to said nephews and nieces " that the testator made such residuary clause, though absolute in form, and that she received and holds it, in trust, nevertheless, to pay and distribute it to all the nephews and nieces of said testator equally." That the plaintiffs then withdrew their opposition, and the will was proved on December 20, 1898. The bill concluded with a prayer for the declaration and enforcement of the trust.

The case was heard in the Superior Court by *Hardy,* J. It appeared that the estate consisted wholly of personal property. The only evidence on the subject of an oral trust imposed by the testator was the testimony of the defendant, who was called as a witness by the plaintiffs. Her testimony on this point is given in full in the opinion of the court. No person other than the defendant and her husband was present during the conversation testified to. The defendant objected to the admission of the evidence on the ground that it was a private conversation between husband and wife. The judge heard the evidence subject to the defendant's objection, and ruled that it should be excluded from his consideration.

Upon the question of the creation of a voluntary trust by the defendant, by her declaration to the plaintiffs, there was evidence that, after the death of the testator but before his estate was settled, there were certain conversations between the de-

fendant and some of the plaintiffs. The evidence as to what the defendant said was contradictory, and its character sufficiently appears in the findings of the judge below.

The following are the findings of the judge:

" 1. I do not find that the defendant, in her.communications with the plaintiffs or any of them, agreed to hold any part of the residuary estate in trust for the plaintiffs, or any of them; so far as she did make any statements to them, I find that it was simply a declaration of an intention to give something to them in the future, and that, at the time she made such statements, she gave them, or some of them, the impression that she was intending to make a gift on behalf of the testator.

" 2. I find that, at the time she made such statements, the estate was then in process of settlement, and that she had no definite knowledge of what the amount of the residuary estate would be.

" 3. I find that the testator made, during his lifetime, three different wills ; that the defendant in this case was his second wife ; that the first will was made when his first wife was living, the second will was made at the time of his marriage to the defendant, and the third will was made and executed on the thirtieth of September, 1898; that the residuary clauses in the three wills were the same in form and in the disposition of the estate; that, in the execution of this will now in controversy, and previous thereto, there was no agreement between the testator and the defendant as to any disposition of the estate or of such residuary estate; that the only communication between the testator and the defendant with reference to such estate or such provision of the will took place subsequent to the execution of the will and three days previous to his death, which occurred about the first of December, 1898; that such conversation with reference to such estate was a private conversation, and evidence thereon was heard by me subject to the objection of the defendant, and, in my consideration of this case, I ruled that such private conversation between husband and wife, or the admissions by the defendant of the substance of such private conversations, was not competent and proper evidence for me to consider in deciding this case ;· but, even though such private conversations should be considered com-

petent evidence, I find that there was no direction given by the husband to her, no declaration of trust by him with reference to the disposition of such residuary estate, and she made no agreement with him in such private conversation with reference to the disposition of the estate under the will in behalf of the plaintiffs; that, so far as she did make any statement to him, it was merely a declaration of an intention as to some future gift of the property she expected to receive under the will, and was in no wise a declaration of trust.

" 4. I further find on the evidence that whatever statements she made to the plaintiffs, or any of them, subsequently to the death of the testator, were made subsequently to the probate of the will, and that those statements were merely declarations of an intention of what she might do in the nature of a gift in favor of the plaintiffs, or some of them; and that there was no consideration supporting any such declaration on her part.

" 5. I find, therefore, that there was no declaration of trust made by this defendant as the result of any direction on the part of the testator, and that there was no trust established by any voluntary declaration of a trust by the defendant subsequent to the death of the testator."

The judge dismissed the bill with costs, and reported the case for the consideration of this court. If, upon the testimony, the rulings of the Superior Court were right, the judgment of that court was to stand; but if the evidence showed that there was a valid declaration of trust for the benefit of the nieces and nephews of the testator equally, the case was to be remanded to the Superior Court.

*J. F. Quinn,* (*S. Perley* with him,) for the plaintiffs.

*F. N. Wier,* for the defendant.

LATHROP, J. The plaintiffs seek to maintain their bill upon two distinct grounds. The first is that, although the residue of the estate was left absolutely to the defendant by her husband, he gave her directions to hold it in trust for the benefit of his relatives. The second is that the defendant made a voluntary trust.

As to the first, the only ground upon which such a trust could result from a conversation between the defendant and her husband is that stated by Chief Justice Gray, in *Olliffe* v. *Wells,* 130

Mass. 221, 224 : " It has been held in England and in other States, although the question has never arisen in this Commonwealth, that, if a person procures an absolute devise or bequest to himself ·by orally promising the testator that he will convey the property to or hold it for the benefit of third persons, and afterwards refuses to perform his promise, a trust arises out of the confidence reposed in him by the testator and of his own fraud, which a court of equity, upon clear and satisfactory proof of the facts, will enforce against him at the suit of such third persons."

At the request of the defendant the judge ruled that all the evidence, so far as it related to any private conversation between the defendant and her husband regarding any direction which she received from her husband as to the disposition of the residue of the estate, be excluded, on the ground that it was the testimony of a private conversation between husband and wife.

We do not find it necessary to consider this point, for all the evidence bearing thereon was in fact admitted, and the judge made a finding, on the assumption that such conversations or the admissions of the defendant of the substance of such conversations, were competent. For the purposes of the case we shall, without deciding the point, treat the evidence as admissible. This finding, after stating his ruling, was as follows : " But, even though such private conversations should be considered competent evidence, I find that there was no direction given by the husband to her, no declaration of trust by him with reference to the disposition of such residuary estate, and she made no agreement with him in such private conversation with reference to the disposition of the estate under the will in behalf of the plaintiffs ; that, so far as she did make any statement to him, it was merely a declaration of an intention as to some future gift of the property she expected to receive under the will, and was in no wise a declaration of trust."

We are of opinion that this finding was not only warranted by the evidence in the case, but was in accordance with it. No other person was present when any conversation was had between the defendant and the testator. She testified that no directions were given her by her husband as to what she should

do with certain moneys in the residuary clause of the will; that there was no request, direction or requirement in any form that she should do with the funds in the residuary clause in the will other than the will provided. The witness then testified to a conversation which she had with her husband, as follows: " About three days before Mr. Littlefield passed away he said to me when we were alone and no other person present, that he had given Percy Barnard $1,000; that he had n't given anything to Virgil Barnard, the father to Percy Barnard, and wanted to see if I would ask Percy if he was going to use the thousand dollars that he received from him for sending him to school? If not, would he divide with his father and give him five hundred dollars? I said to my husband, ' I would n't do that, but let me give Virgil five hundred from mine.' I then said, ' Shall I give to Arthur Littlefield anything?' He said ' No.' He said that he had n't given anything to Alice Littlefield; and I said, ' Well, never mind, I will give Alice something.' I then said to him, ' Would you like to have me give something to all your people?' I thought if Virgil Barnard was going to have something, I felt it was nothing more than right that the other nieces and nephews should have something as well. He said to me, ' Hattie, I know you will do what is right.' Then I said, ' Well, what I give to your people I will give it as coming from you.' And then he said to me — I spoke of the residue, what was left — and he said, ' Don't give it to my people, but give some of it to your sisters.' Those are the very words that I had with my husband; that is why I give them all something."

We do not see in this any trust imposed upon the defendant by her husband. Nor is there a particle of evidence to show that the defendant procured the absolute bequest to herself by orally promising her husband that she would hold it for the benefit of the plaintiffs. The will was executed on September 13, 1898, and the testator died on November 26, 1898, and the conversation took place about three days before his death.

There is nothing in the evidence to sustain the eleventh allegation of the bill that such promise as was made by the defendant was to prevent the plaintiffs from contesting the will; and the fourth finding of the judge was therefore correct.

It is, however, contended that after the death of the testator and the probate of the will, the defendant had certain interviews with some of the plaintiffs, and made statements to them which amounted to a voluntary declaration of trust on her part.

The first finding of the judge is as follows: " I do not find that the defendant, in her communications with the plaintiffs, or any of them, agreed to hold any part of the residuary estate in trust for the plaintiffs, or any of them; so far as she did make any statements to them, I find that it was simply a declaration of an intention to give something to them in the future, and that, at the time she made such statements, she gave them, or some of them, the impression that she was intending to make a gift on behalf of the testator."

The second finding of the judge is in effect that at the time of making such statements, the estate was in process of settlement, and the defendant had no knowledge of what the amount of the residuary estate would be.

We do not deem it necessary to go over this evidence in detail. There is no doubt that there were certain conversations between the defendant and some of the plaintiffs, and this was not denied by the defendant, but she did specifically deny that they were as stated by the witnesses for the plaintiffs. It does not appear that the judge found that the account given by the plaintiffs' witnesses was true; and we should be slow in disturbing his finding on contradictory evidence. It seems to us, on examining the evidence, that the judge came to a sound conclusion in finding as he did, and that it is a fair result of all the evidence.

It is obvious that until the estate was settled there could be no residuary fund from which a trust fund could be created; and it is well settled that a court of equity will not lend its assistance towards perfecting a voluntary contract or agreement for the creation of a trust, nor regard it as binding so long as it remains executory. *Stone* v. *Hackett*, 12 Gray, 227, 230. *Welch* v. *Henshaw*, 170 Mass. 409, 413. *Milroy* v. *Lord*, 4 De G., F. & J. 264, 274. *Dipple* v. *Corles*, 11 Hare, 183. *Richards* v. *Delbridge*, L. R. 18 Eq. 11. *Young* v. *Young*, 80 N. Y. 422, 437, 438. *Cowan* v. *Wheeler*, 25 Maine, 267. *Steere* v. *Steere*, 5 Johns. Ch. 1.

*Bill dismissed.*