ABBIE M. CLEVELAND *vs.* HAMPDEN SAVINGS BANK,
& another, executor.

SAME *vs.* SPRINGFIELD INSTITUTION FOR SAVINGS,
& another, executor.

Hampshire.    September 16, 1902. — October 29, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Equity Pleading and Practice*, Report of findings of fact.    *Trust*, Creation.    *Savings Bank*.

If a report by a judge of the Superior Court under R. L. c. 159, § 23, of facts found by him in a suit in equity, does not purport to be a report of the evidence or to set it all forth, but merely states certain facts and the general finding of the judge, the only question before this court is whether the specific facts stated are inconsistent with the general conclusion reached.

One making a deposit in a savings bank declared in the bank book to be in trust for another does not thereby create a trust if he had not the intent of doing so, and here the evidence warranted a finding that there was no such intent.

HOLMES, C. J.    These are bills to establish a trust in favor of the plaintiff with regard to the funds represented by three savings bank books.    The judge before whom the case was tried dismissed the bills and made a report..    We assume that this report is properly before us although made after the decrees. R. L. c. 159, § 23.    *Pratt* v. *McGuinness*, 173 Mass. 170.    *Worcester* v. *Lakeside Manuf. Co.* 174 Mass. 299.    But it does not purport to be a report of the evidence or to set it all forth.    It

merely states certain facts and the general finding of the judge against the bills. The only question before us is whether the specific facts stated are necessarily inconsistent with the general conclusion reached.

The facts mainly relied upon by the plaintiff are that the deposit in the Hampden Savings Bank, ($200, January 1, 1892,) was entered on a book headed "Sarah Davis in trust for Abbie V. Cleveland," and that those in the Springfield Institution for Savings were on books headed respectively "Sarah Davis in trust for Abbie E. Cleveland," ($1,000, January 1, 1892,) and "Sarah Davis in trust for Abbie M. Cleveland," the last followed by the words printed from a stamp, "In case of death of trustee amount to be paid to beneficiary." ($1,400, April 28, 1899.) There is the further fact that a few days before her death the depositor said to a friend that she had given these books to the plaintiff beside what she had given in her will. On the other hand she never communicated any such intent to the plaintiff, and always kept the books herself. Shortly after drawing her will she showed the last mentioned book to her counsel and told him that she did not intend to make any gifts outside her will and, he having said that there was some risk, said that she would go to the bank, although it does not appear that she did so. Just before her death she directed the books to be handed to her counsel. It is found also that on the same day that she made the first mentioned deposit Sarah Davis deposited in the same bank $1,000 in her own name. The will which was made would have exhausted her personal estate, including the books in question. Her real estate was inventoried at $2,500.

The plaintiff's argument invites us to reconsider the Massachusetts law, especially the case of *Clark* v. *Clark*, 108 Mass. 522, in view of criticisms elsewhere, of which it is enough to refer, not for the first time, to *Martin* v. *Funk*, 75 N. Y. 134, 139. We are unable to accept the invitation. We see no occasion to say more than that the evidence warranted the finding of the judge. It was not argued, and could not be maintained, that the form of the heading necessarily constituted a trust, or was conclusive in the plaintiff's favor. An owner of property does not lose it by using words of gift or trust concerning it in solitude, or with the knowledge of another not assuming to rep-

resent an adverse interest.  He may amuse himself as he likes. This seems to be one of those exceptional cases in which the actual intent as distinguished from the import of the overt acts may be important at least on the negative side.  On the question whether taking out books in the forms mentioned, with the intent then and there to create a trust, would be sufficient to create one, we may leave the authorities untouched.  In this case the evidence warrants a finding that there was no such intent.  The contemporaneous deposit of a sum reaching the interest bearing limit in one of the banks, the form of the heading in the case of the last deposit, and the other facts mentioned, including even the varying initial given for the middle name of the plaintiff, might be thought to look as if the so called trusts were merely evasions of the law.  The judge has found so, and we cannot say, as matter of law, that he was wrong.  *Brabrook* v. *Boston Five Cents Savings Bank*, 104 Mass. 228.  *Gerrish* v. *New Bedford Institution for Savings*, 128 Mass. 159.  *Parkman* v. *Suffolk Savings Bank*, 151 Mass. 218.  *Welch* v. *Henshaw*, 170 Mass. 409.

*Decrees affirmed.*

*E. T. Esty*, (*J. C. Hammond & H. P. Field* with him,) for the plaintiff.

*J. B. Carroll & W. H. McClintock*, for the executor, submitted a brief.