ANNIE E. McMAHON, administratrix, *vs.* ANNE LAWLER
& another.

Suffolk.     December 5, 1905. — February 27, 1906.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Gift.     Trust.     Savings Bank.*

If a woman who has made deposits in a savings bank in her name as trustee for one of her sisters, the account having been begun by transferring to it the surplus of the depositor's own account in the same bank over $1,000 when that was the largest amount allowed to a depositor, declares a few weeks before her death to the two daughters of the sister named as beneficiary that the money belongs to their mother, then deceased, and will go to them and that others of the next of kin of the declarant cannot touch it, this can be found to be an admission that the deposit belonged to the sister named as beneficiary, a perfected trust having been created in her favor by way of gift.

THE following statement of the case is taken from the opinion of the court :

This is an appeal from a decree of a single justice reversing a decree of the Probate Court and allowing item 6 in the final account of Annie E. McMahon, administratrix of Bridget Lawler, deceased, intestate.

The next of kin of the intestate were a sister, Anne, two nieces, daughters of a deceased sister, Mrs. McMahon, and a third niece, a daughter of another deceased sister, Mrs. Kelleher

One of the McMahon nieces was the administratrix and the item in dispute was the sum of $1,860.47, being the amount of a deposit in the Five Cents Savings Bank which the accountant had paid to the administrator of her mother's estate. This payment was disallowed in the Probate Court and on appeal allowed by a single justice of this court. From the decree of the single justice an appeal was taken by Anne Lawler, the surviving sister of the deceased, and the administrator of the niece Mrs. Kelleher, who had died after the intestate.

It appeared from the testimony taken by a commissioner that in 1871 or 1878 (both dates are stated in the report of the commissioner) the intestate had on deposit in the Five Cents Savings Bank (the savings bank in question) $1,225. She drew out $225 and deposited it in her own name, "Bridget Lawler, Trustee for Margaret Lawler," who was then married to a husband by the name of McMahon and was the mother of Annie and Emma McMahon. Three other deposits were made afterwards, interest was added, and no withdrawals were made. The two nieces Annie and Emma McMahon testified that a few weeks before the death of the intestate and after the death of Mrs. McMahon they had a talk with the intestate about her money. They said that it would go to the intestate's sister Anne and the niece Mary E. Kelleher " if she didn't fix up her affairs," to which she answered in the words of one of the two nieces referring to the deposit in question, " That money goes to you, — they cannot touch the money in the School Street bank, that belongs to your mother," or as it was put by the other of these two nieces, " Well, they can't touch the money in the School Street bank ; that goes to you girls ; they can't touch that. That money belongs to your mother, and it goes to you girls." The two nieces were corroborated in substance by a third person who was present, but she put it in this way : " She said she had a book in the School Street bank that was for the mother, and it would go to them ; that she didn't want her sister or this other niece to have anything, because she wasn't on friendly terms with them." It appeared that when the account in question was opened, a by-law of the savings bank in question was in force limiting the sum of money that any depositor could have in the bank to $1,000.

*P. M. Keating*, for Anne Lawler.

*J. J. Dolan*, for Matthew Dolan, administrator of the estate of Mary E. Kelleher.

*H. Stevens*, for the plaintiff.

LORING, J. [After the foregoing statement of the case.] If we give full credence to the fact testified to by the two nieces exactly as they put it, the decree of the single justice is right. What they testified to was an admission that the deposit in question belonged to the mother of those two nieces. The legal title to the deposit was confessedly in the intestate. If the deposit belonged to the sister of the intestate (the mother of the two nieces) it was bcause a perfected trust in the deposit had been created in favor of the sister and mother, by way of gift.

As matter of evidence it is ordinarily hard in such a case as that now before us to overcome the fact that the depositor who has deposited his own money in his own name in trust for another has retained the deposit book in his possession, but in this case, if full credence is given to the statement of the witnesses, it was overcome as in *Scrivens* v. *North Easton Savings Bank,* 166 Mass. 255, *Eastman* v. *Woronoco Savings Bank,* 136 Mass. 208, *Gerrish* v. *New Bedford Institution for Savings,* 128 Mass. 159.

In this case the single justice saw the witnesses on the stand and was thereby enabled to decide what credence should be given to their testimony. We see no reason for differing from the conclusion arrived at by him. *Regester's Sons Co.* v. *Reed,* 185 Mass. 226.

*Decree affirmed.*