KATHARINE C. BOYNTON & another *vs.* GEORGE H. GALE, executor.

Essex. November 19, 1906. — February 28, 1907.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Trust. Gift. Equity Jurisdiction,* To establish trust.

In this Commonwealth a mere declaration of trust by a voluntary settlor, which is not communicated to the donee and assented to by him, is not sufficient to perfect a trust, especially where the property is retained by the person making the declaration subject to his own control.

A bill in equity against an administrator to establish a trust alleged that by mistake a legacy was made to the defendant's intestate absolutely which had been intended to be left to him in trust for the plaintiffs, that the intestate learning of the mistake declared that he would hold the legacy in trust for the plaintiffs and so informed the parents of the plaintiffs, who then were of tender years, and promised their parents that he would pay over the trust fund to the plaintiffs when they should come of age, that he afterwards received the legacy and invested it in bonds of the United States and informed the father of the plaintiffs of that fact and that he held the bonds in trust for the plaintiffs. On demurrer it was *held,* that the bill set forth no trust.

BILL IN EQUITY, filed in the Superior Court on September 8, 1903, against the executor under the will of Mary H. Gale, late of Newburyport, alleging that Mary Green Gale, late of Manchester in the State of New Hampshire, died at Manchester in or about January, 1876; that shortly before her death she made her last will, disposing of a large estate, in which, among numerous other legacies, the sum of $2,000 was bequeathed to Stephen Madison Gale, of Newburyport, who was her brother in law and the grandfather of the plaintiffs; that this bequest was intended to be written and made in trust for the benefit of the plaintiffs, who were then infants of tender years, to be paid over to them when they should become of age, but by inadvertence and mistake of the person writing the will the bequest was not so expressed to be in trust; that after this will had been executed, Mary Green Gale discovered the inadvertence and mistake and requested the members of her household to inform Stephen Madison Gale thereof, and that the sum was intended to be given him in trust, as aforesaid, and that it was her will that he should so

hold the same in trust, and further requested that he be requested to hold the same on the trust aforesaid; that Mary Green Gale died a few days after the execution of the will and before her requests and intentions as to the bequest could be communicated to Stephen Madison Gale; that soon afterwards such members of her household made known to Stephen Madison Gale the inadvertence and mistake, and that the $2,000 was intended by the testatrix to be given to him in trust as aforesaid, and the request of the testatrix that he so hold the sum, and he thereupon and afterwards at divers times, both before and after the probate of the will, declared that he so would hold the $2,000 in trust for the plaintiffs, according to the intention and request of the testatrix, and so informed such members and the parents of the plaintiffs, and promised the parents to pay over the trust fund to the plaintiffs when they should become of age, according to the intention of the testatrix; that the will of Mary Green Gale was probated and the $2,000 was paid over to Stephen Madison Gale, who afterwards declared that he held, and informed the parents of the plaintiffs that he held, the $2,000 in trust, as aforesaid, and would pay over the same to the plaintiffs, as aforesaid, when they should become of age; that after he had received this sum Stephen Madison Gale informed the father of the plaintiffs that he had invested the $2,000 in bonds of the United States of America, and held the same upon the trust aforesaid; that Stephen Madison Gale invested the $2,000 in bonds of the United States and held the same at the time of his decease, and that they were the only bonds of the United States held by him; that Stephen Madison Gale died in January, 1882, at Newburyport, intestate, long before the plaintiffs, or either of them, became of age; that Mary H. Gale, his widow, was appointed and was the administratrix of his goods and estate, and the bonds came into her hands and possession as such; that she as administratrix distributed the residue of the estate of Stephen Madison Gale, after the payment of debts and charges of administration, to herself, to George How Gale, son, and Anna Bartlett Boynton, daughter, of Stephen Madison Gale, who were the only distributees of his estate; and that the share of Mary H. Gale was much more than the amount of the trust fund; that after the decease of Stephen Madison Gale, Mary H. Gale, who was the grandmother of the

plaintiffs, both before and after her appointment as administratrix, declared that she would fulfil the trust obligation, but neglected and failed so to do; that Mary H. Gale has deceased, testate, and that George How Gale is the executor of her will; that the estate of said Mary H. Gale is amply sufficient to pay all obligations that there are or may be against it, including such as are on account of this trust fund; that no part of the trust fund or any income thereof ever has been paid over to the plaintiffs or either of them; that the plaintiffs are now of age, and have but recently learned of the trust and of their rights under it; that the defendant, though requested to fulfil the terms of the trust, and pay over the trust fund to the plaintiffs, has neglected and refused and still neglects and refuses so to do; praying that the defendant may be adjudged and declared to be trustee for the plaintiffs of the trust fund; that an account be taken of the amount of the trust fund; that the defendant be directed and required to pay over to the plaintiffs such amounts as are justly and equitably due to the plaintiffs; and for further relief.

The defendant demurred to the bill. In the Superior Court *Stevens,* J. sustained the demurrer and made a final decree that the bill be dismissed with costs to the defendant. The plaintiffs appealed.

The case was submitted on briefs.

*H. I. Bartlett,* for the plaintiffs.

*J. H. Casey, N. N. Jones & E. Foss,* for the defendant.

HAMMOND, J. The legacy to Stephen Madison Gale was absolute and free of trust notwithstanding the wishes of the testator. The language of the will settles that. The property being absolutely his, there was no trust unless created by him as a voluntary settlor. The bill alleges upon this point in substance that after the death of the testatrix the legatee, upon being informed of her intention at the time of the execution of the will as to the legacy, declared that he would hold the legacy in trust for the plaintiffs and informed the parents of the plaintiffs who were then of tender age, and promised the parents that he would pay over the trust fund to the plaintiffs when they should become of age; that he afterward received the legacy and invested it in bonds of the United States and informed the plaintiffs' father of the fact and that he held the same upon the

aforesaid trust. This was not enough. As before stated, he was a voluntary settlor. He never parted with the bonds, but always held them in his own possession, subject to his own disposal. There was no delivery to a third person, nor was there any notice to the plaintiffs. Whatever may be the doctrine elsewhere, it is settled in this State that a mere declaration of trust by a voluntary settlor, not communicated to the donee and assented to by him, is not sufficient to perfect a trust, especially where the property is retained by him subject to his own control. The notice to the plaintiffs' parents was not notice to the plaintiffs. *Welch* v. *Henshaw,* 170 Mass. 409, and cases cited. *Sherman* v. *New Bedford Five Cents Savings Bank,* 138 Mass. 581, and cases cited. See also *Bailey* v. *New Bedford Institution for Savings,* 192 Mass. 564, and cases cited.

*Demurrer sustained ; decree affirmed.*