JAMES N. SUPPLE & another, executors, *vs.* SUFFOLK SAVINGS BANK FOR SEAMEN and OTHERS, MARY F. LEVINS, executrix, claimant.

Suffolk.   March 5, 1908. — April 6, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Trust,* Of savings bank deposit. *Gift. Savings Bank. Evidence,* Relevancy and materiality, Declaration of deceased person, Admissions and confessions.

In order to establish a trust in favor of F. in a savings bank deposit made by one "in trust for F.," where the bank book was never delivered to F., it is necessary to show that the depositor had manifested a completed and executed intention to establish the trust, which intention had been communicated to F. and assented to by him.

In an action against a savings bank to recover the amount of a deposit made by a depositor "in trust for F.," it appeared that the bank book never had been given to F. by the depositor, that the depositor was an elderly woman and an aunt of F., that F. was a spendthrift and a person of intemperate habits and

had several times been arrested, fined and imprisoned for various offenses, that on a number of occasions the depositor had said to a niece of F., pointing to the deposit book, " That is for F.," that several times F. had asked the depositor for money, and had said in the presence of the depositor that she had money belonging to him and he could not get it, that the depositor at one time kept in her possession a number of bonds belonging to F. and gave him some of the interest on them from time to time, that, finally, because of contentions that arose between them when she did not desire to give him the interest on the bonds on account of his habits, she gave him back all of the bonds but not all of the interest. *Held*, that there was evidence warranting a finding that there was a completed gift of the deposit by the depositor to F.

In an action by the executor of one who had deposited money in a savings bank " in trust for F.," to recover the amount of the deposit, where it appears that F. had died and that the bank book never had been delivered to him, and there is evidence of an intention on the part of the depositor to hold the deposit in trust for F., evidence of statements made by F. in the presence of the depositor that the latter had money belonging to him which he could not get is admissible both because it tends to show an acceptance of the trust by F., and as a declaration of a deceased person under R. L. c. 175, § 66.

In an action by the executor of one who had deposited money in a savings bank " in trust for F.," against the bank and F.'s executor, to recover the amount of the deposit, where it appears that there had been no delivery of the bank book to F., but there is evidence that the plaintiff's testate had intended to create a trust in F.'s favor and that F. had assented thereto, evidence that, although he knew of the deposit, the plaintiff did not account for it in his accounts as executor, is admissible as an admission by the plaintiff.

CONTRACT by the executors of the will of Catherine Cunningham, otherwise known as Kate Cunningham, to recover the amount of a deposit in the defendant bank standing under the name "Kate Cunningham, Tr. for Willie Foley." Writ in the Superior Court for the county of Suffolk dated August 24, 1906.

On petition of the defendant, Mary F. Levins, executrix of the will of William Foley, was made a defendant as a claimant of the deposit under R. L. c. 173, § 37.

There was a trial before *Fox*, J., without a jury.

It appeared that among the by-laws of the defendant bank were the following:

" . . . No payment shall be made unless the original pass book is produced, that such payment may be entered therein."

" Whenever a deposit shall be made by any person as trustee for another, all or any of the amounts at any time standing to the credit of such account shall be payable to the person named as trustee. In case of his death, the same shall be payable to his executor or administrator, or to the person for whom he was

called trustee when the account was opened, or to the executor, administrator, or guardian of such last named person, or to the order of any of them, upon presentment of the deposit book."

The claimant, besides being executrix of the will of William (called Willie) Foley, was his niece and a grandniece of the plaintiffs' testatrix, and knew them both intimately. She offered evidence tending to prove that Willie Foley was a person of intemperate habits; that he was a spendthrift and spent money lavishly; that the plaintiffs' testatrix was devoted to him and endeavored to look after him; that he was her nephew. It also appeared that Foley had been committed to the prison at Deer Island at different times for insignificant offenses, and that he was thirty-eight years old when he died, which was within four months after the death of the plaintiffs' testator.

The claimant also testified that the plaintiffs' testatrix had a box at the Union Safe Deposit Vaults, and that she, the claimant, repeatedly went with her to the vaults and while there saw the book representing the deposit in question, and that the testatrix had said as to the book, " That is for Willie "; that, in the presence of the witness, Foley had " asked her [the plaintiffs' testatrix] for some of this money — that she could give it and he wanted it "; that certain bonds owned by Foley were held by the plaintiffs' testatrix for at least ten years; that they were bonds that were left by one Mrs. Mackay for Foley, and that the plaintiffs' testatrix took care of them for him and, whenever he wished for the interest on them, he went to her and she paid him the interest; " and many times when he would go away she would hate to give him the heavy interest that was acquired on the bonds, because she didn't know where he would go to, and then he would fuss and he would want the whole of the bonds, and . . . she gave his bonds directly to him afterwards to cease that contention between the two. She wanted to hold them to save everything from him "; that, although she gave Foley the bonds, the witness thought that she did not give him all of the interest.

A sister of the claimant testified, subject to exceptions by the plaintiffs, that she had heard Foley say to her mother in the presence of the plaintiffs' testatrix, that the latter had money belonging to him and he could not get it, could not get ten

cents, and that at such times, in the presence of Foley, the plaintiffs' testatrix had remarked that Foley was a poor unfortunate and that he drank very heavily and had no one to look after him but her and the witness's mother.

At the close of the evidence, the plaintiffs requested the judge to rule that the claimant was not entitled to the deposit, but that the plaintiffs were; but the requests were refused, there was a finding for the claimant, and the plaintiffs alleged exceptions.

Other facts are stated in the opinion.

*James J. McCarthy,* for the plaintiffs.

*J. W. Farley,* (*A. Ames, Jr.,* with him,) for the claimant.

SHELDON, J. There was no doubt much evidence in this case tending to show that there had been no executed gift of the deposit in question to Foley, the claimant's intestate, and no such completed trust created in his favor as to constitute him the beneficial owner of the fund. But it is not for us, as has often been said, to pass upon the weight of the evidence. The finding of the judge who tried the case without a jury must stand if there was any evidence to support it. If we assume that there was no delivery of the bank book to Foley, then the question was whether there was evidence that Mrs. Cunningham, by her own conduct and declarations, had manifested a completed and executed intention to establish a trust in his favor, and whether this intention had been communicated to him and assented to by him, so that both parties understood that the trust was not simply inchoate and resting in an intention to be finally consummated in the future, but actually had been fully carried out so that the beneficial interest had become irrevocably vested in him. *Gerrish* v. *New Bedford Institution for Savings,* 128 Mass. 159. *Alger* v. *North End Savings Bank,* 146 Mass. 418. It was not enough that Mrs. Cunningham should have made her deposit formally in trust for Foley; it would not be enough even that she had communicated to others the fact of her attempted creation of a trust; it could not be said to have become a completed and executed transaction until it had been communicated to him, or at least to some one acting in trust for him and for his benefit, and accepted by him. *Welch* v. *Henshaw,* 170 Mass. 409. *Kendrick* v. *Ray,* 173 Mass. 305. *Bennett* v. *Littlefield,* 177 Mass. 294. *Bailey* v. *New*

*Bedford Institution for Savings,* 192 Mass. 564. *Boynton* v. *Gale,* 194 Mass. 320. But admissions by an alleged donor that there has been an executed gift or a completed trust may of course be proved against her or her representatives, and may be found to include admissions that there has been either an actual delivery of the article or an effectual communication of the trust to the intended beneficiary and an acceptance of it by the latter. *McMahon* v. *Lawler,* 190 Mass. 343. In that case the gift was sustained, not because the intention of the donor had been made known to others, but because from her admissions a finding was warranted that the gift had been communicated to the beneficiary and accepted by her.

Applying these principles to the case at bar, there was evidence to warrant a finding for the claimant. The donor's declarations that she had made provision for Foley, which, standing alone, could have been accounted for by the provisions of her will, might be found on the other evidence to have applied to this deposit. Mrs. Levins testified that Foley spoke to Mrs. Cunningham of " that money she had on the book for him." Mrs. Cunningham's drafts upon the account might be found to have been for his benefit, either to pay fines for him or to put him directly in funds. And a reservation of the interest for her own benefit would not necessarily have been fatal to the gift of the principal. *Bone* v. *Holmes,* 195 Mass. 495, and cases cited.

Moreover, there was evidence on which it might have been found that at least a part of the money deposited belonged originally to Foley; and, if this fact were established, it would go far in the claimant's favor. *Hunnewell* v. *Lane,* 11 Met. 163. *Farrelly* v. *Ladd,* 10 Allen, 127. She had held bonds belonging to him ; and, though she finally had turned these over to him, it might have been found that she had not fully accounted for the interest which she had previously collected.

Accordingly the plaintiffs' requests for rulings could not have been given, and the judge's finding for the claimant was warranted.

The evidence of Foley's declarations as to money which Mrs. Cunningham had belonging to him was competent both to show his acceptance of the gift and because (as we must now take it)

found by the judge to have been made by him in good faith upon personal knowledge, under R. L. c. 175, § 66. *Chaput v. Haverhill, Georgetown & Danvers Street Railway*, 194 Mass. 218. If the answer of the witness, as distinguished from the question, was objectionable, the plaintiffs' remedy was to move that this be stricken out.

The exception to the admission of evidence that the plaintiffs as executors did not account for this deposit has not been separately argued by the plaintiff. Though of slight probative value we cannot say that it was incompetent as an admission by the plaintiffs. They knew of this deposit; if it was not Foley's, it was their duty to account for it. In the absence of explanation, and they seem to have offered none, this conduct might be found to be inconsistent with their contention.

*Exceptions overruled.*