S. MYRTIE BRADLEY v. JANE S. BENTLEY.

January Term, 1912.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed February 9, 1912.

*Gifts—Savings Bank Deposits—What Law Governs—Admission of Evidence—Harmless Error—Foreign Law—Judicial Decisions—Province of the Court.*

The law of Massachusetts governs in determining whether there was a perfected gift of money deposited in a Massachusetts bank in the depositor's name as trustee for another.

Judicial decisions put in evidence on an issue as to the law of Massachusetts considered, and *held* that they are unconflicting, and that, under the law of that State, a person may deposit his own money in a bank in his own name as trustee for another without passing any right or title to the beneficiary, if the depositor retains the deposit book, and gives no notice of the deposit to the beneficiary, nor to be communicated to him.

Any error in admitting a hypothetical question to an expert as to the law of another state was harmless to defendant, where the answer elicited had no tendency to support plaintiff's case.

The tendency of unconflicting judicial decisions put in evidence to show the law of another state is for the court, where there are no unascertained facts necessary for their construction.

GENERAL ASSUMPSIT. Pleas, the general issue, and a plea relying on the law of Massachusetts. Trial by jury at the March Term, 1911, Franklin County, *Stanton*, J., presiding. Verdict ordered for the defendant to recover her costs, and judgment thereon. The defendant excepted. The opinion states the case.

*Elmer Johnson* for the plaintiff.

The act of the depositor in depositing the money in the bank in the circumstances shown by the evidence created a completed, voluntary trust in favor of the plaintiff. *Conn. River Savings Bank* v. *Albee* 64 Vt. 571; *Harris Banking Co.* v. *Miller*, 1 L. R. A. (N. S ) 790; Pom. Eq. Jur. 3rd Ed. §1008; *Gadsden* v. *Wholy*, 14 S. C. 210; Bispham's Pr. Eq. §67; *Martin* v. *Funk*, 75 N. Y. 134; *Bath Savings Inst.* v. *Hathorn*, 88 Me. 122, 32 L. R. A. 377; *Sayre* v. *Weil*, 94 Ala. 466, 15 L. R. A. 544; *Robertson* v. *McCarthy*, 54 App. Div. 103; *Clark* v. *Callahan*, 10 L. R. A. (N. S.) 616, note; *Kendrick* v. *Ray*, 173 Mass. 305; *Sargent* v. *Baldwin*, 60 Vt. 17; *Cunningham* v. *Davenport*, 32 L. R. A. 373 and note; *Hyde* v. *Kitchen*, 69 Hun. 280; *Witzel* v. *Chapin*, 3 Bradf. 386; *Scott* v. *Horbeck*, 49 Hun. 292; *Macy* v. *Williams*, 55 Hun. 489.

Defendant having intermeddled with the trust fund, after notice of its character became herself a trustee for the original beneficiary and is liable. *Walston* v. *Smith*, 70 Vt. 19; Pom. Eq. Jur., §1048; *Dukette* v. *Bank*, 86 Md. 400, 39 L. R. A. 84; Perry on Trusts, §225; *Bank* v. *Looney*, 38 L. R. A. 841; *Ford* v. *Brown*, 1 L. R. A. (N. S.) 188, note.

*C. G. Austin & Sons* for the defendant.

ROWELL, C. J.   This is assumpsit for money had and received.   The question determinative of the right is, whether by the law of Massachusetts, a deposit of $1,000 of his own money, made by Darius F. Bradley the 27th of May, 1908, in his own name in the Suffolk Savings Bank in Boston, where he then lived, in trust for the plaintiff, was then or ever so perfected as to pass title to her as a gift.

At the time of the deposit Mr. Bradley signed a record card presented to him by a clerk, thus: 'Darius F. Bradley, Tr. for N. Myrtie Bradley." Whereupon the clerk filled out the card from information given to him by Mr. Bradley, and gave him a pass book for the deposit, entering therein, "Darius F. Bradley, Tr. for N. Myrtie Bradley." The defendant drew the deposit from the bank July 1, 1909, on an order from Mr.

Bradley, and claimed to have paid out the money on his orders, having none of it herself.

The plaintiff first learned about this deposit in March, 1910, which was about eight months after Mr. Bradley's death, and called on the defendant for the money in June, 1910.

There was no evidence tending to show that Mr. Bradley ever said anything to the plaintiff about the deposit, nor to any one acting for her and for her benefit, and he never parted with the possession and control of the pass book further than to put it into a safety box in the Old Colony Trust Co. with his other securities, and to obtain it therefrom and draw the money thereon by others acting for him and on his written orders. Under the by-laws of the bank, no one could draw the money on the book without presenting it.

The only evidence of the law of Massachusetts on this question was the testimony of Mr. Gardner, a Massachusetts lawyer, and eight cases in the Massachusetts reports, six introduced by the defendant, and two by the plaintiff in rebuttal. Those introduced by the defendant were *Brabrook* v. *Boston Five Cents Savings Bank*, 104 Mass. 228, 6 Am. Rep. 222; *Clark* v. *Clark*, 108 Mass. 522; *Cleveland* v. *Hampden Savings Bank*, 182 Mass. 110, 65 N. E. 27; *Bailey* v. *New Bedford Instit. for Savings*, 192 Mass. 564, 78 N. E. 648, 116 Am. St. Rep. 270; *Boynton* v. *Gale*, 194 Mass. 320, 80 N. E. 448; *Supple* v. *Suffolk Savings Bank*, 198 Mass. 393, 84 N. E. 432, 126 Am. St. Rep. 451. Those introduced by the plaintiff were *Kelley* v. *Snow*, 185 Mass. 288, 70 N. E. 89; *McMahon* v. *Lawler*, 190 Mass. 343, 77 N. E. 489.

The defendant says that in Massachusetts a man may deposit his own money in a savings bank in his own name in trust for another without passing title to the beneficiary, if he retains the deposit book and gives no notice of the deposit to the beneficiary nor to one representing the beneficiary nor to be communicated to the beneficiary; that in such case the depositor has a right in his lifetime to withdraw and use the fund the same as if it was deposited in his own name only, and if the account stands thus at the death of the depositor, his personal representative is entitled to the fund. This we regard as a sub-

stantially accurate statement of the law of Massachusetts as evidenced by the cases introduced.

Thus, *Supple* v. *Suffolk Savings Bank*, 198 Mass. 393, a case introduced by the defendant, was an action by the executors of the will of Kate Cunningham to recover the amount of a deposit standing under the name, "Kate Cunningham, Tr. for Willie Foley," The court said that, assuming there was no delivery of the deposit book to Foley, the question was whether there was evidence that Mrs. Cunningham by her own conduct and declarations had manifested a completed and an executed intention to establish a trust in Foley's favor, and whether this intention had been communicated to him and assented to by him so that both parties understood that the trust was not simply inchoate and resting in an intention to be finally consummated in the future, but actually had been fully carried out so that the beneficial interest therein had become irrevocably vested in the beneficiary; that it was not enough that Mrs. Cunningham made her deposit formally in trust for Foley, nor enough even had she communicated to others the fact of her attempted creation of a trust, for that it could not become a completed and an executed trust till communicated to Foley, or at least to some one acting in trust for him and for his benefit, and accepted by him; but that admissions by an alleged donor that there has been an executed gift or a completed trust might, of course, be proved against the donor or her representatives, and might be found to include admissions that there was either an actual delivery of the article or an effectual communication of the trust to the intended beneficiary and an acceptance of it by the latter.

All the other cases introduced by the defendant are to the same effect. Thus, in *Clark* v. *Clark*, 108 Mass. 522, money belonging to a woman was deposited by her in a bank in her own name as trustee for the defendant, but she retained the deposit book and gave the beneficiary no notice of what she had done, and the beneficiary did not know of it until after the death of the depositor. By one of the by-laws of the bank no one could draw any part of the money without presenting the book. The court said that even if it were proved that the depositor intended to create a trust, she did not do what was necessary

to carry that intention into effect; that the beneficiary was not a party to the transaction, and never acquired any title to the money, but that on the death of the depositor it passed to her administrator.

The plaintiff claims that the only difference, if any, between the law of Vermont and the law of Massachusetts on this subject, lies in the character and amount of proof required by the courts to establish the fact of an executed intent; that whether the deposit of money in a bank in the depositor's own name as trustee for another will be taken as sufficient evidence of an executed intent to create a trust, or whether it is necessary to go further and show a delivery of the pass book to the beneficiary or its equivalent, is a matter of evidence pertaining to the remedy and not to the right, and therefore is governed by the law of the forum, by which, in this case there is sufficient evidence to show the intent executed and the right created.

But this proposition cannot be sustained, for it is certain that the law of Massachusetts controls here as to the right, and that law requires notice to the intended beneficiary and assent by him in order to execute the intent and create the right, and both of these elements are lacking here.

The plaintiff refers to *Kelley* v. *Snow*, 185 Mass. 288, and *McMahon* v. *Lawler*, 190 Mass. 343, 77 N. E. 489, introduced by her, as tending to show a conflict in the Massachusetts cases on this subject.   But neither of them has any such tendency. In *Kelley* v. *Snow*, the case as to a certain bank deposit went against the claimant on an adverse finding of intent by the master from a large number of opposing facts reported by him, which the court said made the question one of fact and not of law, as it manifestly did.

In *McMahon* v. *Lawler*, the gift was sustained, not because the intent of the donor had been made known to others, but because her admissions warranted a finding that the gift had been communicated to the beneficiary and accepted by her. This is what is said of that case in *Supple* v. *Suffolk Savings Bank*, and rightly no doubt.

There is, therefore, no conflict in the evidence afforded by the cases introduced as to the law of the subject in Massachusetts, and the testimony of the expert was to the same effect as the

cases.    But as to a question put to him, a point is made.    The defendant asked him a hypothetical question that assumed as true what her testimony tended to show, and inquired his opinion whether such facts constitute a gift or a trust under the laws of Massachusetts.    The plaintiff objected that that was virtually asking the witness to decide the case—to usurp the province of the jury.    But the question was allowed and the witness answered that in his opinion they would constitute neither.    The plaintiff now claims on the strength of *Jenness* v. *Simpson*, 84 Vt. 127, 78 Atl. 887, that to allow the question was error.    But if it was, which we do not decide, it was harmless, for the testimony elicited had no tendency to support the plaintiff's case, and it is clear beyond question that it could not have influenced the court in determining the tendency of the judicial decisions introduced, which was a question for the court and not at all for the jury, there being no conflict among them, and no unascertained facts necessary to their construction.    This accords with what we said last term in *Mellen* v. *U. S. Health and Accident Ins. Co.*, 82 Atl. 4.    And so are the cases,    *Ufford* v. *Spaulding*, 156 Mass. 65, 30 N. E. 360; *Molson's Bank* v. *Boardman*, 47 Hun. 135; *Alexander* v. *Pennsylvania Co.*, 48 Ohio St. 623, 30 N. E. 69. In the case last cited it is said, that to submit the examination and construction of judicial decisions to a jury would be little better than the cast of a die.

It follows, therefore, that the plaintiff failed to make a case, as neither the testimony admitted nor that offered by her and excluded, tended to show the requisite elements of notice and acceptance, and so a verdict was properly directed against her.

*Judgment affirmed.*