JAMES E. WHITEHEAD, Appellant, *vs.* MARTHA A. SMITH, Administratrix.

Deposits were made in two savings banks by J. W. to the account of J. W. or M. A. S. and made payable to either or the survivor of them.

*Held*, that the deposits were the joint property of J. W. and M. A. S. during their joint lives, and upon the death of J. W. belonged absolutely to the survivor, M. A. S.

APPEAL from a decree of the Court of Probate of the town of East Providence.

*June* 28, 1895.   TILLINGHAST, J.   The agreed statement of facts in this case shows that the deposits in the Peoples Savings Bank and the Industrial Trust Company, both of Providence, the ownership of which deposits is brought in question, were made by James Whitehead, the deceased, to the account of James Whitehead or Martha A. Smith, (his daughter) and were payable to either or the survivor of them ; that said James Whitehead deceased April 6, 1893, at East Providence in this State leaving a widow and two children, and that there was remaining in said Peoples Savings Bank to the credit of said account at that time, the sum of $665.86, and in said Industrial Trust Company to the credit of said account, the sum of $703.58, which said sums

were subsequently withdrawn by and appropriated to the use of said Martha A. Smith, she claiming the right so to do as the survivor of James Whitehead. And the only question raised by the appellant is as to the ownership of said deposits, he claiming that they belonged to said James Whitehead at the time of his death, and hence should now be held and accounted for as property belonging to the estate, by the administratrix, while said Martha claims that the same, upon the death of James Whitehead belonged to her as aforesaid. We think it is clear that said deposits were the joint property of said James Whitehead and Martha A. Smith during their joint lives, and that upon the death of James Whitehead the title thereto vested immediately and absolutely in the survivor, Mrs. Smith. *Mack* v. *Mechanics & Farmers' Savings Bank*, 50 Hun, 477. And this being so she was not called upon to account for said deposits as administratrix. The case is clearly distinguishable from that of the *Providence Institution for Savings* v. *Carpenter*, 18 R. I. 287, relied on by counsel for appellant. In that case the understanding was that the money was to remain the property of the depositor during her life subject to her own control, and at her death to be the property of Miss Carpenter for the purpose of applying it to certain specified religious and charitable uses. So that in that case under the proof submitted there was no joint estate, but simply a deposit which, while it stood to the credit of "Margaret Hart or Mary F. Carpenter" on the books of the bank, belonged solely to said Margaret and was so to continue during her life. In short the proof in that case showed that said Margaret attempted by means of the deposit and the agreement or understanding with Mrs. Carpenter relative thereto to make a purely testamentary disposition of said fund. The case, therefore, has no bearing upon the one now before us. In this case the deposits not only stood on the books of the bank to the credit of James Whitehead or Martha A. Smith or the survivor of them, but the uncontradicted testimony of Mrs. Smith which is made a part of the agreed statement of facts shows that said James Whitehead intended that the deposits should

become and remain the joint property of himself and his said daughter during their joint lives, and in case she survived him, that whatever remained thereof should belong to her.

A decree may be entered confirming the decree of the Probate Court in the premises, but by virtue of the agreement of the parties, without costs to either party.

*Edward C. Dubois*, for appellant.

*Edwin D. McGuinness & John Doran*, for appellee.