(174 App. Div. 99)

### In re DELMORE'S ESTATE.

(Supreme Court, Appellate Division, First Department.   July 10, 1916.)

BANKS AND BANKING ☞301(5)—DEPOSITS—TITLE TO—JOINT TENANCY.

> Under Banking Law (Laws 1914, c. 369) § 148, a bank deposit payable to the depositor and another, or either, and the survivor of them, becomes their property as joint tenants, and, upon the depositor's death, title vests in the survivor.

> [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 1174; Dec. Dig. ☞301(5).]

Appeal from Surrogate's Court, New York County.

Proceedings in Surrogate's Court to determine the ownership of certain savings bank accounts.   From a decree ordering Mary F. McGiff to pay said accounts to the administratrix of Mary A. Delmore, she appeals.   Reversed and remanded.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, DOWLING, and DAVIS, JJ.

William P. Mulry, of Lawrence, for appellant.
Charles J. Carroll, of Brooklyn, for respondent.

DOWLING, J.   The question involved in this appeal is the ownership of three savings bank accounts—one in the Union Dime Savings Bank, for $3,050.50; the second in the Bank for Savings, in the same amount; and the third in the Emigrant Industrial Savings Bank, for $1,392.56.   These accounts originally stood in the name of the decedent, and in April, 1913, in the presence of her daughter (the appellant) and a disinterested witness, the decedent caused the said accounts to be transferred, so that one stood in the name of "Mary A. Delmore, Mary F. McGiff, to be drawn by either or the survivor"; the second in the name of "Mary A. Delmore and daughter, Mary F. McGiff, or either, and survivor"; and the third in the name of "Mary Delmore, or daughter, Mary McGiff, or the survivor."   The decedent died January 13, 1915, and letters of administration were issued by the surrogate of the county of New York on May 14, 1915.   Thereafter an inquiry was directed upon the petition of the said administratrix by one of the surrogates of the county of New York as to the moneys and personal property of the estate, if any, in the possession of the appellant, who was the oldest child of the decedent, and it was upon the testimony taken on such inquiry that the order appealed from was made.

We deem it unnecessary to discuss at length the testimony in relation to the transfer of the funds in question, further than to say that it is convincingly established, as the surrogate himself found, that the decedent at the time she made the transfers was mentally competent, and that they were not the result of any undue influence exercised upon her by the respondent.   Furthermore, the testimony satisfactorily establishes a valid gift by the decedent to her daughter (the appellant) of the funds in question.   Kelly v. Biers, 194 N. Y. 49, 86 N. E. 980, 128 Am. St. Rep. 543.   In addition, under section 148 of the

Banking Law (chapter 369 of the Laws of 1914), those deposits having been made in the name of the depositor and another person, and in form to be paid to either or the survivor of them, the deposits and any additions made thereto by either of such persons upon the making thereof became the property of such persons as joint tenants, and became their property and payable to either during the lifetime of both, and to the survivor after the death of one of them. Therefore, both from the viewpoint of a valid gift, and of the vesting of title to the deposits in the survivor by operation of the Banking Law, the funds in question were the property of Mary F. McGiff, and not of the estate of the decedent. Any finding to the contrary, therefore, was unwarranted.

The decree appealed from will therefore be reversed, with costs to the appellant payable out of the decedent's estate, and the proceeding remitted to the Surrogate's Court for appropriate action in conformity herewith, that it may be adjudged that the deposits in question are the property of the appellant, and not of the estate. All concur.

---

(173 App. Div. 780)

PEOPLE ex rel. LONG ISLAND R. CO. v. PUBLIC SERVICE COMMISSION OF STATE OF NEW YORK, FIRST DIST., et al.

(Supreme Court, Appellate Division, First Department. July 10, 1916.)

1. RAILROADS ⊜58—REGULATION—ESTABLISHMENT OF STATIONS—POWER OF PUBLIC SERVICE COMMISSION.

Under Public Service Commissions Law (Consol. Laws, c. 48) § 50, the establishment of railroad stations for the purpose of furnishing adequate facilities for the traveling public is peculiarly within the powers of the Public Service Commission.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 130, 131, 133, 135, 136; Dec. Dig. ⊜58.]

2. RAILROADS ⊜58—PUBLIC SERVICE COMMISSION—ORDERS—DISCRETION—JUDICIAL REVIEW.

The order of the Public Service Commission for the establishment of a railroad station will not be disturbed, unless it is clearly unreasonable and an abuse of discretion.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 130, 131, 133, 135, 136; Dec. Dig. ⊜58.]

3. RAILROADS ⊜58—REGULATION—PUBLIC SERVICE COMMISSION—ESTABLISHMENT OF STATION.

An order establishing railroad station seven-tenths of a mile distant from the nearest station on one side and eight-tenths of a mile distant from the nearest station on the other side which order did not regulate the time within which trains must stop at such station, was not unreasonable.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 130, 131, 133, 135, 136; Dec. Dig. ⊜58.]