# MURDOCH R. McLEOD, AS ADMINISTRATOR OF THE ESTATE OF ANNIE McLEOD, DECEASED v. HENNEPIN COUNTY SAVINGS BANK.[1]

April 1, 1920.

No. 21,717.

**Savings bank deposit — joint ownership — gift inter vivos.**

1. The plaintiff's intestate made a deposit of money belonging to her in the defendant bank to the account of herself and her sister, with the provision that either might withdraw it and that upon the death of one it should belong to the survivor. There was evidence justifying the inference that the deceased intended to give her sister a present joint ownership in the deposit, with the right of sole ownership if she survived. It is *held* that the evidence sustains the finding of an executed gift inter vivos, and that upon the death of the decedent the deposit belonged to her sister and the plaintiff cannot recover of the bank.

**Statute not construed.**

2. Whether G. S. 1913, § 6390, providing for the payment of joint deposits to the survivor of the depositors, affects their rights between themselves or is only for the protection of the bank is not determined.

Action in the municipal court of Minneapolis to recover $334 and interest. The case was tried before C. L. Smith, J., who made findings and ordered judgment in favor of defendant. From an order denying his motion to amend the findings of fact and conclusions of law, or for a new trial, plaintiff appealed. Affirmed.

*Brady, Robertson & Bonner,* for appellant.

*Alvord C. Egelston,* for respondent.

DIBELL, J.

Action to recover a bank deposit. There were findings for the defendant and the plaintiff appeals from the order denying his motion for a new trial.

[1] Reported in 176 N. W. 987.

1. The plaintiff was the husband and is the administrator of Annie McLeod, who died on November 27, 1918. They lived apart. For a time prior to her death Mrs. McLeod lived with her sister, Mrs. Rogers, in Minneapolis. On August 29, 1918, she deposited with the defendant bank $334, her own money, in her name as trustee for the benefit of Mrs. Rogers. Shortly afterwards she talked with John A. Lane, who counseled with her in her business affairs, and upon his advice changed the account to a joint account of herself and her sister. She and her sister then signed the following statement on the books of the bank:

"This account is our joint property, and is payable on the individual receipt of either of us, and in case of death of either, to the survivor."

In the conversation between Mrs. McLeod and Lane relative to the trust account Lane told her that it was not what she had intended having, according to her previous talk with him, and told her to have the deposit placed in a joint account, the nature of which he explained. In response to a question whether there was anything said as to drawing the money as between her and Mrs. Rogers he testified: "She said that she wanted her sister to draw the money, have it in such shape that she could draw it or her sister could draw it, it didn't make any difference." The defendant had the usual savings bank rule that deposits can only be withdrawn upon presentation of the pass-book. Mrs. Rogers never had physical possession of the pass-book. She saw it. It does not appear that she was denied its use or that she had occasion to use it. There was but one withdrawal, and that was by Mrs. McLeod, the circumstances of which do not appear. The pass-book was with Lane as custodian and was kept in his safe.

The trial court found that there was an executed gift inter vivos, and that Mrs. Rogers, being the survivor, was entitled to the deposit. The sufficiency of the evidence to sustain this finding is the only question.

The evidence sustains the view that Mrs. McLeod made an executed gift to Mrs. Rogers by making her a joint owner of the account. A gift to take effect upon the death of the donor, no present interest passing to the donee, and the control and the right of recall remaining with the donor, is not effective nor enforceable upon the donor's death. Logenfiel v. Richter, 60 Minn. 49, 61 N. W. 826. But a gift passing a present interest is effective according to its terms. Murphy v. Bord-

well, 83 Minn. 54, 85 N. W. 915, 52 L.R.A. 849, 85 Am. St. 454. And a gift with the right of enjoyment postponed until the donor's death, the subject of the gift being left with a third person with instructions to deliver upon the death of the donor, and with no right of recall, is effectual upon the donor's death. Innes v. Potter, 130 Minn. 320, 153 N. W. 604, 3 L.R.A. 896. In the first instance there is no executed or completed gift; in the others there is. These cases illustrate principles competing in the case at bar, though in the facts involved none is like it.

If the evidence required a finding that the deposit was made by Mrs. McLeod subject to her sole control during life, with the right of recall, without any right in Mrs. Rogers except in the event of her survival, in which event it was to be hers, the gift was not an executed gift inter vivos, but a testamentary disposition, ineffectual for want of testamentary execution. The evidence does not require a finding such as indicated. It justifies the view that from the time when the account was changed and the parties signed the statement in the bank Mrs. Rogers by the gift of her sister was a joint owner of the deposit with the right of sole ownership if she survived her sister. The conversation of Mrs. McLeod with Lane, her change of the deposit from a trust account to a joint account, the provision in the contract of deposit, giving the right to withdraw to either, and to the survivor of them, the apparent intimacy between herself and her sister with whom she lived, are of probative force in proof of her intent to make a gift in praesenti. The finding of intent does not rest alone upon the joint form of the deposit.

We do not undertake a review of the cases. They are collated in a note to Parrish (Deal's Adm.) v. Merchants, etc. Bank, 120 Va. 297, 91 S. E. 135, in L.R.A. 1917C, 548, 550–573. The cases are there analyzed at length on the gift theory and trust theory and joint tenancy theory and are critically reviewed. And see Tiffany, Banks & Banking, 454–461; 2 Morse, Banks & Banking, §§ 607–610; 12 R. C. L. 932, 946–950; 20 Cyc. 1204–1206; Brady, Bank Deposits, §§ 18–30; note Ann. Cas. 1916D, 515, 519–525. That there are in the cases confusion and contradiction and perplexing distinctions is obvious. The conclusion reached by the trial court is fairly sustained by cases similar in their facts. See Kelly v. Beers, 194 N. Y. 49, 86 N. E. 980, 128

Am. St. 543; Hallenbeck v. Hallenbeck, 103 App. Div. 107, 93 N. Y. Supp. 73; Bonnette v. Molloy, 153 App. Div. 73, 138 N. Y. Supp. 67; Whitehead v. Smith, 19 R. I. 135, 32 Atl. 168; Raferty v. Reilly, 41 R. I. 47, 102 Atl. 711; Commercial Trust Co. v. DuMontimer, 193 Mo. App. 290, 183 S. W. 1137; Kennedy v. McMurray, 169 Cal. 287, 146 Pac. 647, Ann. Cas. 1916D, 515; Negaunee National Bank v. Le Beau, 195 Mich. 502, 161 N. W. 974, L.R.A. 1917D, 852.

We have no case in this state bearing upon a joint deposit. We note, on the general question of gifts inter vivos and the distinction between a gift in praesenti and a testamentary gift, Walso v. Latterner, 140 Minn. 455, 168 N. W. 353, where the question was upon a deposit in trust; McDonald v. Larson, 142 Minn. 244, 171 N. W. 811, involving a gift of certificates of deposit, and Innes v. Potter, 130 Minn. 320, 153 N. W. 604, 3 L.R.A. 896, and Logenfiel v. Richter, 60 Minn. 49, 61 N. W. 826, cited supra.

2. Our statute provides for the withdrawal of deposits made in the name of minors and of those made in trust for another, and it provides as follows in reference to a joint deposit: "And whenever any deposit shall be made by or in the names of two or more persons upon joint and several account, the same or any part thereof and the dividends or interest thereon may be paid to either of such persons or to a survivor of them or to a personal representative of such survivor." G. S. 1913, § 6390.

Whether this statute affects the rights of the parties between themselves, or is solely for the protection of the bank, we do not decide. In Gordon v. Toler, 83 N. J. Eq. 25, 89 Atl. 1020, it was held that such a statute was for the protection of the bank and not of importance in the determination of the right of the survivor to the deposit. And see Mathias v. Fowler, 124 Md. 655, 93 Atl. 298. The New York statute provides that a deposit made as here makes the depositors joint·tenants and either may withdraw during the lifetime of the other and the survivor upon the death of his codepositor. Clary v. Fitzgerald, 155 App. Div. 659, 140 N. Y. Supp. 536, affirmed without opinion in 213 N. Y. 696, 107 N. E. 1075; In re Reed, 89 Misc. 632, 154 N. Y. Supp. 247; In re Delmore's Estate, 174 App. Div. 99, 166 N. Y. Supp. 62. The Michigan statute is of like effect. Powell v. Pennock, 198 Mich.

573, 165 N. W. 799; In re Rehfeld's Estate, 198 Mich. 249, 164 N. W. 372. It is of course true that Mrs. McLeod knew that by force of the statute her sister if she survived her might withdraw the deposit, but this is not of controlling force upon the question of her intent to make a present gift, for it is consistent with a retention of the right of recall and a testamentary disposition.

The evidence sustains the finding of a valid gift inter vivos. It follows that upon the death of Mrs. McLeod the deposit belonged to Mrs. Rogers, and that the administrator of Mrs. McLeod cannot recover of the bank.

Order affirmed.