IN RE ESTATE OF CARL M. JOHNSON.
TIENA L. BENZON ET AL., APPELLANTS, V. MARGARET E. JOHNSON, ADMINISTRATRIX, APPELLEE.

FILED MARCH 26, 1928. NO. 25010.

*Brogan, Ellick & Raymond,* for appellants.

*Morsman & Maxwell* and *Wear, Moriarty, Garrotto & Boland, contra.*

Heard before Goss, C. J., Rose, Good, Eberly and Howell, JJ., and Broady, District Judge.

Broady, District Judge.

The only question presented by this action is whether certain bank deposits, represented by time certificates of deposit, payable to either of the two persons named, belong solely to the survivor of the two or is the property of the estate of the deceased, who had made the original deposit.

Carl M. Johnson and Margaret E. Johnson were husband and wife and resided in Omaha. Johnson made several time desposits in four banks, for which he received from the respective banks the usual certificates of deposit, the payment obligation of each differed somewhat in their terms. There were ten separate deposits and a like number of certificates. Those issued by three of the banks provided for payments "to the order of self or Margaret E. Johnson," upon return of the certificates properly indorsed, and one of this class contained the additional clause, *"subject to the order of either, or the survivor."* The certificate of one bank states "Carl M. Johnson or Margaret E. Johnson have deposited in this bank exactly $1,500 * * * payable to either of them," etc. Johnson placed all the certificates in his safety deposit box in a trust company vault. Johnson had two keys to the deposit box. One of these he kept at home and to which both he and his wife had access at any time, and Johnson, according to the wife's testimony, had told her the certificates were in the deposit box, though she had never signed the card at the trust company which would entitle her to open the box. Johnson left no will, and upon his death his wife was appointed administratrix of the estate, and as such opened the deposit box, when all of the certificates were found. Mrs. Johnson claimed the funds as her sole property. The appellants, in this court, who are brothers and sisters of Johnson, claim the certificates, and funds represented, are property belonging to the state. The probate court held in favor of the appellants, and, on appeal, the

district court reversed that finding and held the certificates were the sole property of Mrs. Johnson.

Appellants, who were plaintiffs in the lower court, appeal, and the question here presented is whether, under these circumstances, the certificates belong solely to Mrs. Johnson, as survivor, either by way of a gift or as a joint tenant with the right of survivorship, or by virtue of the provisions of section 8046, Comp. St. 1922.

Counsel on both sides argued that the question had never before been decided in this state, strenuously urged the importance of the questions involved, and by exhaustive briefs cited a great many adjudicated cases in other jurisdictions. In pursuance to these briefs and arguments, we have read, studied and analyzed the cases cited, and, also, many others, when we find this court has recently decided a case very similar to the one at bar. *In re Estate of Kamrath,* 114 Neb. 230.

Questions involving the same general problems have been decided in a multitude of cases in other jurisdictions. The facts and circumstances of no two are exactly alike. In *McLeod v. Hennepin County Savings Bank,* 145 Minn. 299, the Minnesota court say: "That there are in the cases confusion, contradiction and perplexing distinctions is obvious." Many states have statutes which provide, in effect, that the relation of joint tenancy should not be recognized unless the instrument of grant expressly so states, and in those states the cases are usually determined on the gift theory. *In re Lower's Estate,* 48 S. Dak. 173. In a few jurisdictions the question is disposed of on the trust theory; that is, in deposits of this sort each holds the title in trust for the other. See notes and annotations in 48 A. L. R. 182, and L. R. A. 1917C, 550.

In those cases in which the question is disposed of on the gift theory a long technical discussion is engaged in as to whether or not there could be a delivery sufficient to meet the common-law requirement of a gift where the donor retained possession of the certificate of deposit or the passbook; also, where the donee does not sign the deposit card

which is usually required by the bank. Practically all of such decisions finally turn on the question of the intention of the donor, and that is the rule in this state.

In the case of *In re Estate of Kamrath,* 114 Neb. 230, one Wilhelm Kamrath had deposited, on time certificates, three separate amounts in his local bank. One, at least, was payable to "Wilhelm Kamrath or Mary Hodges." Upon the death of Kamrath these certificates were found in his deposit box at the bank. The question arose whether they belonged to Mary Hodges or to Kamrath's estate. The court first decided the question that this certificate had not been altered by Mary Hodges after the death of Wilhelm Kamrath, and then held that the transaction constituted a gift from Kamrath to Mary. The court considered the general circumstances, which were as follows: Mary Hodges was the daughter of Kamrath, and the plaintiffs, appellants, were his sons. Prior to making the deposits the father had executed a will in which he divided his property in equal shares and interests to his various children. After making the will he gave, by deed or otherwise, a farm to each of his sons, but had not given any land to the daughter. The court also mentions that Mary was present in the bank at the time the deposit was made, that she, at one time, had had manual possession of the certificates, and that thereafter her father had apparently put the certificates in his safety deposit box, where they were found after his death. Mary did not have a key to the deposit box. The court holds that the transaction constituted a gift to Mary, and that there was a delivery of the certificate to her with the intention of making a gift. In its discussion, the court say:

"As between Wilhelm Kamrath and Mary Hodges as well as the world it was not necessary for Kamrath to indorse the certificate of deposit, it being payable to 'himself or Mary Hodges.' Either party was authorized to negotiate and transfer the same by his own indorsement. * * * Nor did the reservation of the interest by Wilhelm Kamrath prevent the consummation of the gift and the vesting of

the title in the donee. * * * So, too, it cannot be said that, because certificate No. 9272 was found after the death of Wilhelm Kamrath in the safety deposit box owned by him, it necessarily negatived the right of Mary Hodges to the principal sum evidenced thereby. The gift had been fully executed and the title vested before the death of Kamrath. The terms of the gift imported the right in him to collect the interest thereon, which fact made his possession of the certificate wholly consistent with the title of the principal as being in Mary Hodges."

We think the foregoing case is controlling of the case at bar except that some may make the distinction that in that case Mary, the donee, at one time, apparently, for just a moment, had the certificate of deposit in her own hands. If that phase of the case is and was controlling, it is not easily distinguished—that circumstance—from the circumstances of the instant case in which Mrs. Johnson said in her testimony that, while she never had physical possession of the certificates, there were two keys to her husband's safety deposit box, one of which she kept, and that her husband had told her the certificates were in the box.

Johnson's business partner and one or two of his employees also testified to the effect that he had told them he had made these deposits so either he or his wife could draw the money on them. It seems to me that, where the husband had told the wife the certificates were in the box, even though she was not, under the rules of the deposit company, permitted to open the box, there was just as much a completed delivery and gift as there was in the *Kamrath* case. Delivery may be either manual, constructive, or symbolical. 28 C. J. 636. And, too, the circumstances of the relationship of Carl M. Johnson and his wife were such as to compel one to think that it was his intention to give her, at that time, such an interest in this money as would entitle her to payment of the certificates. As was well said in the *Kamrath* case, either person named in the certificate could cash it by his own

separate indorsement. Nor does the fact that Johnson collected the interest on the deposits defeat the idea of a gift. "The mere fact that actual enjoyment of the gift by the donee is, by the declaration of the gift, postponed until the death of the donor, does not render the gift either conditional or testamentary, or in any way invalid." *Dinslage v. Stratman,* 105 Neb. 274. In an Iowa case, *In re Estate of Belgard,* 202 Ia. 1356, a husband made a deposit in a savings account payable to himself or wife, and the husband showed the passbook to the wife. It was held a delivery and completed gift to the surviving wife. A bank deposit to the credit of the depositor or his wife, "or the survivor of them," operates as a gift, though the wife never had possession of the passbook. *McElroy v. Albany Savings Bank,* 40 N. Y. Supp. 422. See, also, *Diel's Admr. v. Merchants & Mechanics Savings Bank,* 120 Va. 297.

It was argued by counsel for the appellant that the use of the word *"or"* was conclusive as against the wife, and suggested that, had the word *"and"* been used, it might have had a different meaning. We think just the reverse of that argument. Had he used the word "and," he would have had an interest in the nature of a tenant in common and it would have required the indorsement of both the donor and donee.

Johnson left no children. When he deposited this money in these banks he undoubtedly intended that his wife should have a beneficial interest in the money, and that no other person should have. If he had intended otherwise, it would have been a far easier matter to have left the bank officials name him, alone, as the payee, which undoubtedly would have been done, in the absence of an affirmative request, on his part, to the contrary. We hold, therefore, that there was a completed, executed gift of whatever remained in this deposit to Mrs. Carl M. Johnson. Massachusetts and New Jersey hold that joint deposit cases are matters of contract between banks and persons named in the certificates or passbooks.

"It is argued that there was no gift from the donor to the donee because there was no delivery. But we think that is not so. The right was contractual and was vested in both depositors jointly and the survivor. The contract entered into by the bank with the mother and her daughter exhibited a donative purpose from the donor to donee, and hence constituted a valid gift." *New Jersey Title Guarantee & Trust Co. v. Archibald*, 91 N. J. Eq. 82. This case also holds the arrangement is not void because testamentary in character, and therefore contrary to the statutes on wills. See, also, *Dinslage v. Stratman*, 105 Neb. 274.

"Nor can the fact that the contract leaves Mrs. Kaufman (donor) with power, or some power, of disposition of the debt due from the bank be of any controlling materiality." *Kaufman v. Edwards*, 92 N. J. Eq. 554.

"In such case it is not necessary to establish the existence of a technical joint tenancy to create the right of survivorship; in other words, the incident of survivorship which exists by implication in a joint tenancy is expressly provided for by such a form of deposit." *New Jersey Title Guarantee & Trust Co. v. Archibald, supra.*

Massachusetts holds that the act of making the deposit in a joint account is a completed transaction. In a note to *Chippendale v. North Adams Savings Bank*, 222 Mass. 499, in 48 A. L. R. 206, it is said:

"It thus appears clear that the Massachusetts court has not abandoned the general rule that the effect to be given a joint tenancy in a bank account depends upon the intention of the donor. The extent to which the decisions of this court can be said to have gone is that the creation of a 'joint tenancy,' or a deposit in this form, is such a delivery as completes the execution of the gift. * * * The delivery which must accompany an ordinary gift is rendered unnecessary by the contract by which the bank becomes obligated to both donor and donee." See, also, *Perry v. Leveroni*, 252 Mass. 390, and *Kelly v. Snow*, 185 Mass. 288.

The act of the deposit itself is sufficient if there is a donative intent. *Kaufman v. Edwards*, 92 N. J. Eq. 554.

The controlling element is whether the donor intended the deposit as a gift or merely one of convenience, and if to a stranger it is presumed to be for convenience, but in case the donee is the donor's wife the husband is presumed to have intended to benefit the wife. 28 C. J. 664. And where there is a joint deposit to a husband and wife it is deemed to confer upon the wife the right of survivorship and the transaction must be deemed donative in character. *Read v. Huff*, 40 N. J. Eq. 229; *Matter of Lydig*, 113 Misc. Rep. '(N. Y.) 263. Nor does it require the same strict rules of proof of delivery when the donor and donee are husband and wife as where the relationship were otherwise. 28 C. J. 638.

The certificates issued by the Omaha National Bank, Nos. 92,908 and 92,909, both expressly provided payment to either or the survivor. Of these there can be no question but that they belong solely to Mrs. Johnson. Those issued by the United States National Bank expressly stated "Carl M. or Margaret Johnson have deposited," etc., "payable to either." While it may be conceded the husband in fact made the deposit, he certainly, by that deposit, gave his wife an indivisible and unseverable interest in the deposit. It must, therefore, be an interest in the nature of a joint tenancy with the attendant right of survivorship. The deposits in the First National Bank and the State Bank were payable to either the husband or wife, but we think the same principles and reasoning above set forth equally applies to these deposits.

It is argued pro and con that section 8046, Comp. St. 1922, fixes the property rights of the persons named in a joint deposit, and is not merely for the protection of the bank. This section is contained in the chapter entitled "Banks" and provides: "When a deposit in any bank in this state is made in the name of two or more persons deliverable or payable to either or to their survivor or survivors, such deposit or any part thereof, or increase thereof, may be delivered or paid to either of said persons or to the survivor or survivors in due course of business."

Both parties cite cases in support of their respective theories. But on inspection we find the statutes of each state differ somewhat from our own. Michigan is a fair sample. There the first part of the statute is practically the same as our entire section, but following, and as part of the same section, is a provision that payment by the bank to the survivor shall operate as a release of the bank from further liability.

The same question arose in that state in *In re Rehfeld's Estate,* 198 Mich. 249, where the court held the statute fixed the property right, in the following language: "But, in the first instance, and in the absence of competent evidence to the contrary, to actually fix the ownership of the fund in the persons named as joint tenants with the attendant right of survivorship." Four judges concur in the decision and four dissent. The same result and the same vote of the judges follow in *In re Sadler's Estate,* 201 Mich. 281, and in *Ludwig v. Bruner,* 203 Mich. 556. California holds the same, while others take the view of the Michigan dissenting opinion. In Minnesota, while not deciding the particular question as not necessary to show intent of the donor, the court say, however, in *McLeod v. Hennepin County Savings Bank,* 145 Minn. 299: "It is of course true that Mrs. McLeod knew that by force of the statute her sister if she survived her might withdraw the deposit." New Jersey holds the statute of that state only protects the bank. *Gordon v. Toler,* 83 N. J. Eq. 25. Other state courts hold both ways on their particular statutes. We think that, when Johnson made the deposit payable to himself or to his wife, he must have known, and so he presumed, that the bank would pay the obligation to either himself or to his wife, and to no other person. We must assume that he knew of the statute, and that the bank would follow its provisions. We think the legislature must also have had that exact thought in mind when it enacted the law. We, therefore, hold that the legal title to the funds is fixed in the persons named in the certificates, and that the survivor, if one dies, takes the whole legal

title. This does not, however, prevent the determination, in another action, whether such survivor may hold the property as trustee for the benefit of another, as, for instance, if the circumstances show the account was one of mere convenience, as between partners of a like relation. But we think that question must be settled in a separate action.

The judgment of the district court was right, and it is

AFFIRMED.

ROSE, GOOD and HOWELL, JJ., concur in the result.