BERNTENE G. DYSTE v. FARMERS & MECHANICS SAVINGS
BANK OF MINNEAPOLIS AND ANOTHER.
SAME PLAINTIFF v. MINNEAPOLIS SAVINGS & LOAN
ASSOCIATION AND ANOTHER.
SAME PLAINTIFF v. HENNEPIN SAVINGS & LOAN
ASSOCIATION AND ANOTHER.[1]

February 28, 1930.

Nos. 27,723, 27,724, 27,725.

[1]Reported in 229 N. W. 865.

*Elias Rachie* and *K. T. Dahlen,* for appellants.
*Sam J. Levy,* for respondent.

TAYLOR, C.

Louis B. Knudsen died in the city of Minneapolis November 23, 1927. The plaintiff, as administratrix under his will, brought three actions—the first against the Farmers & Mechanics Savings Bank of Minneapolis and Olina Langmo; the second against the Minneapolis Savings & Loan Association and Olina Langmo; and the third against the Hennepin Savings & Loan Association and Esther C. Langmo. In each of the cases it was conceded that the corporation defendant therein was a mere stakeholder ready and willing to pay the money in controversy to the one entitled thereto, and it took no part in the trial. Defendant Olina Langmo is a daughter of the decedent born out of wedlock, and defendant Esther C. Langmo is a daughter of Olina Langmo and a granddaughter of the decedent.

G. S. 1923 (2 Mason, 1927) § 7711, provides:

"Whenever any deposit shall be made by any person in trust for another and no other written notice of the existence and terms of any legal and valid trust shall have been given to the bank, in case of the death of such trustee the same or any part thereof, and the dividends or interest thereon, may be paid to the person for whom the deposit was made. And whenever any deposit shall be made by or in the names of two or more persons upon joint and several account, the same or any part thereof and the dividends or interest thereon may be paid to either of such persons or to a survivor of them or to a personal representative of such survivor."

In July, 1924, Louis Knudsen made a written application to the Farmers & Mechanics Savings Bank to open a trust account in his name as trustee in trust for his daughter Olina Langmo. At the

same time he deposited in the bank the sum of $2,000 and received a pass book which contained the provision of the statute above quoted and in which the deposit was entered in the name of "Louis Knudsen ·in trust for Olina Langmo." The first action was brought to determine whether the money in this trust fund belongs to the estate of Louis Knudsen or to Olina Langmo as the cestui que trust.

In July, 1924, Louis Knudsen, under the name of Lars Knudsen, opened an account with the Minneapolis Savings & Loan Association in the name of "Lars Knudsen or Olina Langmo or survivor." The signature card as well as the pass book were in this form, and the signature card was signed by both Louis Knudsen and Olina Langmo. The deposits in this account aggregated $2,700. The second action was brought to determine whether this money belongs to the estate or to Olina Langmo.

In March, 1925, Louis Knudsen opened an account with the Hennepin Savings & Loan Association in the name of "Louis B. Knudsen. or Esther C. Langmo," as shown by the pass book. ·He took Miss Langmo to the bank where a signature card was prepared containing this statement: "You are hereby authorized to recognize either signature below in the payment of funds or the transaction of any other business for my account," and was signed by both. The deposits in this account aggregated the sum of $1,600. The third action was brought to determine whether this money belongs to the estate or to Esther C. Langmo.

Louis Knudsen kept the pass books in a drawer in a desk or table at his home. He gave Olina Langmo a key to the drawer. He made all the deposits in all three of the accounts. He withdrew a few small amounts from each account, but the full amount of the principal still remained therein at his death. Both Olina Langmo and Esther Langmo say that they understood that he had the right to make withdrawals, but that whatever remained in the respective accounts would belong to them respectively at his death.

The plaintiff contended in each case that the action taken by Louis Knudsen was an attempt on his part to make a testamentary disposition of the fund, and that the failure to comply with the

statute regulating the execution of wills rendered such action of no effect. The court so held and directed judgment for plaintiff in each case. Motions for amended findings or for a new trial were denied in each case, and defendants appeal from the several orders.

The record shows beyond question that Louis Knudsen intended that the money placed in the Farmers & Mechanics Savings Bank and the money placed in the Minneapolis Savings & Loan Association should go to his daughter Olina Langmo, and that the money placed in the Hennepin Savings & Loan Association should go to his granddaughter Esther C. Langmo. The question presented is whether the steps which he took to carry his intention into effect were sufficient under the law to accomplish his purpose. The record shows that he had been told by the bankers that money deposited in trust as in the first case would go to the cestui que trust at his death, and that money deposited as in the second and third cases would go to the surviving depositor at the death of the other; and that he created these accounts and made the deposits therein in reliance upon such information and in the belief that the fund in each account would go to the beneficiary named therein.

The deposit in trust involved in the first case is similar to the deposit in trust in this same bank considered in Walso v. Latterner, 140 Minn. 455, 168 N. W. 353; and in Walso v. Latterner, 143 Minn. 364, 173 N. W. 711. In those cases it was held that the statute of trusts permitted the creation of such a trust. It was also held in accordance with the great weight of authority that where a depositor deposits his own money in his own name in trust for another, he thereby creates a valid trust if it appears that he in fact intended the money to go to the other. It was further held that where he makes such a deposit and dies before the beneficiary without having taken any action to disaffirm the trust, the presumption is that an absolute trust was created as to the balance remaining on deposit at his death. In the present case the fact that Mr. Knudsen intended the money to go to Olina Langmo is fully established, and therefore at his death the trust became absolute. It follows that she is entitled to the money held by the bank and that it did not become a part of the estate.

The cases involving the deposit accounts present a somewhat different question. Several courts hold that where the donor makes a deposit payable to himself or the donee or the survivor, to which the donee assents by signing the signature card or the pass book or in some other manner, it creates a contract between the bank and the donor and donee; and that the contract gives the right to either donor or donee to make withdrawals while both are living and gives to the survivor absolutely the residue remaining at the death of the other. Dunn v. Houghton (N. J. Ch.) 51 A. 71; New Jersey T. G. & T. Co. v. Archibald, 91 N. J. Eq. 82, 108 A. 434; Chippendale v. North Adams Sav. Bank, 222 Mass. 499, 111 N. E. 371; Perry v. Leveroni, 252 Mass. 390, 147 N. E. 826; Erwin v. Felter, 283 Ill. 36, 119 N. E. 926, L. R. A. 1918E, 776; Illinois T. & S. Bank v. Van Vlack, 310 Ill. 185, 141 N. E. 546; Deal's Admr. v. Merchants & M. Sav. Bank, 120 Va. 297, 91 S. E. 135, L. R. A. 1917C, 548; Wisner v. Wisner, 82 W. Va. 9, 95 S. E. 802.

This court in common with the majority of courts considers such deposits as in the nature of gifts and governed by the rules applicable to gifts. McLeod v. Hennepin County Sav. Bank, 145 Minn. 299, 176 N. W. 987. The courts which adopt the gift theory agree that the decisive question is whether the depositor made the deposit with the intention of making a gift or made it for convenience or to serve some purpose of his own. They differ as to the circumstances from which an intention to make a gift may be inferred; but are nearly unanimous in holding that where a depositor in fact intends to make a gift, and makes a deposit payable to himself or the donee for the purpose of giving effect to that intention, it vests in the donee a present interest in the fund which will sustain the gift as valid. McLeod v. Hennepin County Sav. Bank, 145 Minn. 299, 176 N. W. 987; In re Estate of Johnson, 116 Neb. 686, 218 N. W. 739; Kelly v. Beers, 194 N. Y. 49, 86 N. E. 980, 128 A. S. R. 543; Kelly v. Home Sav. Bank, 103 App. Div. 141, 92 N. Y. S. 578; Raferty v. Reilly, 41 R. I. 47, 102 A. 711; Commonwealth Tr. Co. v. Du Montimer, 193 Mo. App. 290, 183 S. W. 1137; Marston v. Industrial Tr. Co. (R. I.) 107 A. 88; Kaufman v. Ed-

wards, 92 N. J. Eq. 554, 113 A. 598; Blick v. Cockins, 252 Pa. 56, 97 A. 125; Negaunee Nat. Bank v. LeBeau, 195 Mich. 502, 161 N. W. 974, L. R. A. 1917D, 852; Illinois T. & S. Bank v. Van Vlack, 310 Ill. 185, 141 N. E. 546; McCarthy v. Holland, 30 Cal. App. 495, 158 P. 1045; Battles v. Millbury Sav. Bank, 250 Mass. 180, 145 N. E. 55; Main's Appeal, 73 Conn. 638, 48 A. 965.

The particular form of the deposit is not important if it shows that the donee has the right to make withdrawals therefrom and therefore has a present interest therein. In re Estate of Johnson, 116 Neb. 686, 218 N. W. 739; Kelly v. Beers, 194 N. Y. 49, 86 N. E. 980, 128 A. S. R. 543; Raferty v. Reilly, 41 R. I. 47, 102 A. 711; Ladner v. Ladner, 128 Miss. 75, 90 So. 593; Blick v. Cockins, 252 Pa. 56, 97 A. 125; Dunn v. Houghton (N. J. Ch.) 51 A. 71; Kaufman v. Edwards, 92 N. J. Eq. 554, 113 A. 598. And where both donor and donee have the right to make withdrawals it is immaterial whether one or the other has possession of the pass book.

The statute relating to such deposits, previously quoted, provides that where a deposit is made in the names of two or more, the deposit or any part of it may be paid to either of them or to the survivor or to the personal representative of such survivor. This statute protects the bank in making such payments. It also recognizes that making a deposit in that manner gives to each of the persons named the right to make withdrawals therefrom and gives to the survivor the right to withdraw the residue.

From the fact that the statute authorizes the payment of the residue to the survivor or to the personal representative of such survivor, a presumption arises that such residue is the absolute property of the survivor, and casts upon those who claim otherwise the burden of proving that such was not the intention of the donor. But here, in addition to the presumption, it affirmatively appears that the donor intended that the deposits in question should become the absolute property of the donees.

As Louis Knudsen intended to make a gift to his daughter and another to his granddaughter, and for the express purpose of carrying that intention into effect put the deposits in a form which gave

436

the donee a present right to make withdrawals therefrom, it gave her a present interest in the fund which is sufficient to sustain the validity of the gift.

The several orders appealed from are reversed.

