## OSCAR C. HALL v. WILLIAM JOHNSON.[1]

February 28, 1930.

No. 27,690.

*Latimer & Latimer,* for appellant.
*James C. Batten* and *A. E. Helmick,* for respondent.

STONE, J.

As executor of the estate of Mary Kaer, deceased, plaintiff sues defendant for the recovery of the amount of a joint deposit standing, at the time of her death, to the credit of the deceased and defendant in the Farmers & Mechanics Savings Bank of Minneapolis. Defendant later withdrew the deposit. After a verdict for defendant, plaintiff appeals from the order denying his alternative motion for judgment notwithstanding the verdict or a new trial.

The issue is simple. The evidence for plaintiff, consisting mostly of alleged admissions of defendant against interest, well supports the theory that there was no gift; that the deceased, when

[1]Reported in 229 N. W. 867.

her individual deposit was converted into a joint account to be withdrawn by herself or defendant, or the survivor of them, intended the change for her own convenience and to enable defendant to make withdrawals for her benefit rather than his own. But that testimony was denied by defendant and not taken by the jury as the basis for its verdict. On the contrary it adopted testimony for defendant showing declarations made by the deceased. Among other things she said that she was "glad" the thing was done because she wanted defendant and his wife, who for a long time had been very good to her, "to have that money." There are other similar declarations disclosed by the record. True, taken as a whole, even the evidence for defendant is equivocal. But it is reasonably open to the inference drawn by the jury, and therefore it is not for us to disturb the verdict, which brings the case within the control, as to law, of McLeod v. Hennepin County Sav. Bank, 145 Minn. 299, 176 N. W. 987. Aside from the evidence, the verdict has the support of the presumption arising from statute (G. S. 1923 [2 Mason, 1927] § 7711) that the residue of the joint deposit was the "absolute property of the survivor." Dyste v. Farmers & M. Sav. Bank, 179 Minn. 430, 229 N. W. 865.

■ We decline to consider certain assignments of error based upon the refusal of specific instructions requested by plaintiff. We do so for the reason that they were not submitted until after the jury had retired. Such requests should be submitted "before the argument begins." G. S. 1923 (2 Mason, 1927) § 9298; Gracz v. Anderson, 104 Minn. 476, 116 N. W. 1116.

Order affirmed.