**John C. SMITH, Appellant,**

v.

**STATE of Minnesota, et al.,
Respondents.**

**No. C6–86–100.**

Court of Appeals of Minnesota.

June 24, 1986.

Daniel J. Ward, Collegeville, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Patricia Sonnenberg, Asst. Atty. Gen., St. Paul, Roger S. Van Heel, Stearns Co. Atty., Elizabeth A. Hayden, Asst. Co. Atty., St. Cloud, for respondents.

Heard, considered and decided by HUSPENI, P.J., and LESLIE and CRIPPEN, JJ.

## OPINION

LESLIE, Judge.

Appellant filed for medical assistance benefits and the Commissioner of Human Services denied the benefits because appellant transferred, without consideration, a certificate of deposit held jointly with his mother. The district court affirmed this decision. We reverse.

## FACTS

Appellant, John C. Smith, is twenty years old. In 1978, when appellant was twelve or thirteen, his parents put money into certificates of deposit for his post high school education. The signature card showed the account was in the name of appellant and/or his mother. This apparently was done for tax purposes because the interest from this account was reported as appellant's income. The two signatures on the card were signed by appellant's mother. Appellant's mother had the passbook for the account and she controlled the account. Appellant knew that his parents had established a fund for his education but he did not know how much money was in it and he did not consider the money his because he

did not sign the card establishing the account, he did not have the passbook, and he never withdrew any money from the account.

In August and September of 1984, appellant was hospitalized. On October 25, 1984, he applied for general assistance and medical assistance benefits. He was denied benefits because he owned too much personal property. On November 19, 1984, appellant's mother took appellant's name off the certificate and replaced it with her husband's name. She did this specifically to make her son eligible for assistance. On January 8, 1985, appellant reapplied for benefits, which were denied because the transfer of the certificate was improper. The district court affirmed the agency's determination.

## ISSUE

Was appellant an owner of a certificate of deposit which was in his name and/or his mother's name when the certificate was established by his parents for his future education, and was controlled by his parents?

## ANALYSIS

When this court reviews a trial court's affirmance of a ruling by the Department of Human Services, we must independently review the agency's decision without deferring to the district court's review. *Herman v. Ramsey County Community Human Services Department*, 373 N.W.2d 345, 347 (Minn.Ct.App.1985). We will reverse the administrative decision only if the decision is affected by an erroneous interpretation of the law or is unsupported by substantial evidence. Minn.Stat. § 14.69 (1984).

Joint accounts like the one in the present case have been recognized as gifts if the legal elements of a gift are met. *See Dyste v. Farmers & Mechanics Savings Bank of Minneapolis*, 179 Minn. 430, 434, 229 N.W. 865, 866 (1930). The legal elements of a gift are delivery, the donor's intent to make a gift, and the absolute

disposition or surrender of control by the donor of the intended gift. *Brennan v. Carroll*, 260 Minn. 521, 528, 111 N.W.2d 229, 234 (1961).

In *Rutchick v. Salute*, 288 Minn. 258, 179 N.W.2d 607 (1970), the decedent provided all of the proceeds to purchase a savings certificate payable to himself and his nephew. The decedent then retained control of the certificate by placing it in his safety deposit box. When the decedent died, the trial court found that the certificate belonged to the estate and the supreme court affirmed, holding that this was an incomplete gift. The court reasoned that the certificate was in the nature of a gift and was governed by the rules applicable to gifts. The supreme court examined the various Minnesota cases and concluded that "an alleged donee in an action to determine ownership of a joint savings certificate or account possessed by the decedent donor must establish by competent evidence that the donor intended to create a present interest in the donee." *Id.* at 264, 179 N.W.2d at 611. Because the record did not indicate the decedent intended to create a present interest in the nephew, the court held the nephew did not own the money in the account.

This approach to joint accounts has been adopted by the Multi-Party Accounts Act, Minn. Stat. ch. 528. Minn.Stat. § 528.-04(a) (1984) states that "[a] joint account belongs, during the lifetime of all parties, to the parties in proportion to the net contributions by each to the sums on deposit, unless there is clear and convincing evidence of a different intent." Under Minn. Stat. § 528.02 subd. 5, it is clear that this certificate is a joint account. It is also clear from the record that appellant's parents contributed all proceeds to the account. Therefore, under § 528.04(a), the entire amount belongs to appellant's parents unless there is clear and convincing evidence of a different intent.

The evidence does not show such an intent. The evidence shows that the certificate was established for appellant's future

education. Although appellant's name was on the certificate, the commissioner specifically found that appellant's mother "opened the account, she had the passbook for it and she controlled the account." Appellant testified that he never considered the money his because it was established by his parents and they controlled the account. Although the record shows that appellant's mother could close the account and receive the money, the record suggests that appellant did not have this power. The evidence clearly shows that appellant's parents did not intend to allow appellant to have access to any of the money in the account until some time in the future.

The only evidence supporting a finding of a different intent is the federal tax treatment. Respondent relies on the fact that appellant was taxed on the income from this certificate and argues that this is conclusive proof that the parents intended to transfer a present ownership interest to appellant.

We do not believe that the mere fact that appellant was taxed on the income from the certificate proves that he owned the principal in the account. Federal income tax law does not necessarily follow the technicalities of state gift laws. *See Commissioner of Internal Revenue v. Duberstein,* 363 U.S. 278, 285, 80 S.Ct. 1190, 1196–1197, 4 L.Ed.2d 1218 (1960). Under Minnesota law appellant is the owner of money in the account only if his parents intended to create a present interest in appellant and if they completely surrendered control of the property. The overwhelming weight of the evidence is that the parents did not intend to convey a present interest in the principal and that they did not surrender control of the principal.

### DECISION

Because the clear weight of the evidence shows that appellant's parents did not intend to give appellant a present interest in the proceeds from the certificate of deposit, we reverse.

Reversed.